UNITED STATES of America, Plaintiff,

v.

Walter R. GROOMS et al., Defendants.

Crim. No. 7073.

United States District Court, E. D. Tennessee, Northeastern Division.

Dec. 29, 1969.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, W. Thomas Dillard, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Dale Quillen, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Walter R. Grooms moved the Court to grant him a new trial herein. The Court has considered the motion and the grounds urged in its support and is of the opinion that same lacks merit.

■ There was positive testimony from the prosecution's witness William Reese, from which the jury could have found, directly and by reasonable inference, that Mr. Grooms willfully associated himself in a way with the criminal venture under consideration by the jury, that he willfully participated in it as something he wished to bring about, and that he willfully sought by personal action to make it succeed. There was also other positive testimony, from which the jury might have found, directly or by reasonable inference, that Mr. Reese was mistaken in his identification of Mr. Grooms.

The Court instructed the jury as to this issue:

> With regard to the charges set forth in the second count and in overt act number five in the first count, Mr. Grooms claims that any conversation Mr. Reese may have had in front of his home on or about January 16, 1969 was not with him, but with his brother Charles Leroy Grooms.
>
> It is for you to say, under the evidence in the case, whether the testimony of Mr. Reese sufficiently identifies this defendant as the individual who engaged in the conduct under investigation, taking into consideration all the facts and circumstances shown by the evidence.
>
> Should you believe, from the evidence and circumstances proved, that there is reasonable doubt as to the identification of Mr. Walter Grooms, that is, that Mr. Reese was mistaken in his identification, then you would not be authorized to return a verdict against this defendant as to the second count, or on the first count—if his conviction depends on proof of overt act number five.

Only the members of the jury could decide this issue on a trial by jury. United States v. Creek, C.A.6th (1968), 403 F.2d 220, 220–221 [2], citing Butzman v. United States, C.A.6th (1953), 205 F.2d 343, 349 [10], certiorari denied (1953), 346 U.S. 828, 74 S.Ct. 50, 98 L.Ed. 353. They were entitled to draw their own conclusions from all the evidence on this issue. *Cf.* Hickory v. United States (1894) 151 U.S. 303, 306, 14 S.Ct. 334, 38 L.Ed. 170, 173

This defendant was taken in arrest under a warrant dated February 24, 1969. He was indicted on April 4, 1969. He was arraigned on April 21, 1969, at which time his trial was assigned to commence on May 26, 1969. The trial commenced on that date. The first witness for the prosecution was a government investigator, William M. Reese.

■ During the cross-examination of this witness, he testified that, while at a certain tavern on a certain date, he purchased several receptacles of beer and drank some quantity of it and had a bottle of whiskey on a table. Counsel for the defendant asked for an interruption of the trial, in order that he might examine the official court reporter's notes to ascertain if the same witness had not testified differently on an earlier trial, in which such counsel had participated, as to the quantity of beer he had consumed on this occasion, and as to whether he had seen the whiskey.

The Court, being of the opinion (somewhat from also having heard the previ-

ous testimony of the witness Reese) that the effect of any such inconsistency pertained only to an unimportant detail, in the exercise of judicial discretion in the conduct of the trial, Quercia v. United States (1933), 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321, 1324 (headnote 1), declined to permit the trial to be interrupted and delayed for this purpose. As indicated hereinabove, counsel, who was familiar with the previous testimony of the witness he knew would testify herein, had ample pretrial time to arm himself with a transcript of earlier trial for possible use for purposes of impeachment. This Court accords counsel adequate time for preparation, assigns trial dates, where at all feasible, to accommodate the convenience of all concerned, and is known by the Bar to expect trial counsel to be prepared to present their cases, once they announce "ready". Any error in this respect did not affect the substantial rights of the defendant Mr. Grooms, Rule 52(a), Federal Rules of Criminal Procedure, and if of constitutional proportions, is believed to have been harmless beyond a reasonable doubt. Chapman v. California (1967), 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, 710–711 [7], rehearing denied (1967) 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241.

The Court did not err in denying the pretrial motion of the defendant Mr. Grooms for a severance from his codefendants for trial. If Mr. Grooms' motion for a severance had been granted, and he had called his codefendant Mr. Whitlock as a witness in the severed trial, there is no reason to conclude that Mr. Whitlock would not have claimed his privilege against self-incrimination therein, as he did herein. United States v. Carella, C.A.2d (1969), 411 F.2d 729, 731–732 [7]. The probative value of any negative testimony from Mr. Whitlock, even if it were given, is doubtful.

Being without merit, the motion of the defendant Mr. Grooms for a new trial hereby is

Overruled.