**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leo Burbin RICE, Defendant-Appellant.**

**No. 28701**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 1, 1970.

Will Gray, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Malcolm R. Dimmitt, Theo W. Pinson, III, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

The appellant, Leo Rice, was indicted along with co-defendant Oscar Bowen on four counts involving stolen automobiles. The first two counts charged knowing interstate transportation of stolen automobiles in violation of Title 18, U.S.C., Sec. 2312. Count Three charged knowing receipt and sale of a 1964 Chevrolet which had been stolen and moved in interstate commerce in violation of Title 18, U.S.C., Sec. 2313. Count Four charged knowing receipt of a 1964 Cadillac which had been stolen and moved in interstate commerce in violation of Title 18, U.S.C., Sec. 2313. Both defendants plead not guilty and were jointly tried to a jury.

At the close of the evidence, the court granted judgments of acquittal to both defendants as to Counts One and Two which charged violation of Title 18, U.S.C., Sec. 2312. The remaining counts, Three and Four, were permitted to go to the jury. Co-defendant Bowen was acquitted on both counts. The appellant was convicted as to both and received concurrent three-year confinement sentences.

The appellant complains that the evidence was insufficient to support the verdict. Additionally Rice asserts that the convictions obtained as to Counts Three and Four were inconsistent with judgments of acquittal as to the first two counts. We disagree and affirm.

At the beginning of the trial, the parties entered into the following stipulation:

"'It is agreed and stipulated among and between counsel for the govern-

ment, Malcolm R. Dimmitt, and counsel for the defendants, Will Gray and Neil Lane, and the defendants, Leo Burbin Rice and Oscar Franklin Bowen, personally, that the following evidence is uncontroverted, true, and correct:

" 'That on or about October 8, 1968, in Baton Rouge, Louisiana, a 1964 Chevrolet Impala automobile, two-door, light brown in color, vehicle identification number 5223585, bearing 1968 Mississippi license plates number G18528, was stolen from its owner, Robert Brown, and subsequently transported in, and was moving as interstate commerce to Houston, Texas, where it was later identified and recovered.

" 'That on or about September 18, 1968, in Birmingham, Alabama, a 1964 Cadillac automobile, two-door Coupe de Ville, light green in color, vehicle identification number 64G006531, bearing 1968 Alabama license plates numbered 50–781, was stolen from its owner, Connie A. Lewis, and subsequently transported in and was moving as interstate commerce to Houston, Texas, where it was later identified and recovered.' "

The evidence introduced by the government indicates the following. Rice, on the 16th of October, 1968, sold a 1964 Chevrolet to the Car Giant Motor Company in Houston, Texas. Rice was given a draft which could be honored only upon presentation of valid title to the car. At the sale, Rice was accompanied by Bowen and an unidentified female who were sitting in a 1964 Cadillac parked near the used car lot. After completing the transaction, Rice removed the Alabama license plates from the Chevrolet and placed them in the Cadillac.

As was customary with all out of state automobile purchases the dealer notified the local police of the transaction. An inspection by the Houston police revealed that the vehicle identification plate affixed to the Chevrolet door post was not riveted (the usual method) but was merely glued. The police discovered that the plate number did not correspond with the confidential number on the frame of the automobile. A followup by the police established that the car was stolen.

On October 18, 1968, Rice was arrested while attempting to negotiate the draft.[1] A search of the Cadillac parked outside the bank revealed a number of blank bills of sale for motor vehicles, a bill of sale for a 1964 Chevrolet with L. B. Rice listed as transferee, a title application for a 1964 Cadillac owned by C. W. Schroll, and a bill of sale for the Cadillac made out to L. B. Rice with C. W. Schroll shown as seller. Mr. Schroll testified that he never owned a Cadillac, that the signatures on the instruments were not his and that he did not know the defendant. We conclude that the evidence coupled with the stipulation was amply sufficient for the jury to find that the appellant committed the offenses charged.

The appellant also contends that the judgment of acquittal as to the first two counts (the alleged Title 18, U.S.C., Sec. 2312 violations) is inconsistent with convictions obtained on the remaining counts based on violation of Title 18, U.S.C., Sec. 2313. The position is of course untenable. Separate offenses are covered by the two statutes. Section 2312 denounces transportation of a stolen motor vehicle interstate with knowledge of its stolen character. Section 2313 makes it a crime knowingly to receive or sell a stolen motor vehicle which has moved in interstate commerce. Clearly, Section 2313 may be violated without transgressing Section 2312. Violation of Section 2313 might have been accomplished by Rice without leaving Houston. Lack of proof of his participation in the movement of the vehicles interstate, on the other hand, was sufficient basis for

---

1. At the time of the arrest Rice was inside the bank. Bowen and the unidentified female were in the Cadillac which was parked outside the bank.

the granting of judgment of acquittal as to Counts One and Two, which involved violation of Section 2312.

■ The further contention is made, without merit, that Rice was prejudiced by the jury being permitted to read Counts One and Two. The trial court adequately instructed the jury that the indictment was not to be regarded as evidence, and further that Counts One and Two were out of the case.

Affirmed.