UNITED STATES of America,
Plaintiff-Appellee,

v.

Dallas Ray DELAY, Defendant-Appellant.

No. 18633.

United States Court of Appeals,
Seventh Circuit.

April 8, 1971.

Richard L. Fairchild, Indianapolis, Ind., for defendant-appellant; Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, Ind., of counsel.

Stanley B. Miller, U. S. Atty., Charles H. Scruggs, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and KERNER, Circuit Judge.

KERNER, Circuit Judge.

The defendant-appellant, Dallas Ray Delay, was tried by a jury for selling a Pontiac GTO and Chevrolet Camaro which were moving in interstate commerce, knowing them to have been stolen, and of conspiring with a co-defendant, and others, to transport and sell the previously mentioned Camaro. All nine counts of the indictment constituted violations of 18 U.S.C. §§ 2312 and 2313. Counts I through IV concerned the co-defendant Rogers, to which he pled guilty; Counts V through IX concerned Delay, to which he pled not guilty.

Delay moved for judgment of acquittal at the close of the government's case and the court reserved its ruling. At the conclusion of all the evidence, Delay again moved for judgment of acquittal, and the court also reserved the ruling. The jury returned its verdict finding defendant guilty on Count VI, selling of a 1968 Camaro; guilty on Count VIII, selling of a 1967 Pontiac GTO; and guilty on Count IX, conspiracy. Defendant was found not guilty on Counts V and VII, the transportation counts. All motions previously filed were overruled, as well as the post trial motions for acquittal notwithstanding the verdict and motion for new trial. Judgment was entered on the verdicts and Delay was sen-

tenced to concurrent five-year prison terms on each of the Counts, VI, VIII and IX. Defendant appeals, arguing that there is not substantial evidence in the record to support these convictions. We agree.

## I.

Viewing the facts in a light most favorable to the government (Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942)), it was proved that a 1968 Chevrolet Camaro was stolen in Missouri, and that Delay's co-defendant had purchased a similar, wrecked Camaro on the previous day. A 1968 Camaro, bearing the serial number of the wrecked Camaro but possessing the hidden identification of the stolen Camaro, was later sold at the Indianapolis Auto Auction in Indianapolis, Indiana. A check was then issued by the Auction to one Boyd Slusher for payment of the Camaro and a Chevrolet Malibu.[1] The defendant endorsed "Boyd Slusher"[2] and his own name on that check.

The evidence in regard to the 1967 Pontiac GTO is similar except that the defendant endorsed only "Boyd Slusher" and "Slusher Auto Sales" on the check issued by the Auction and that the hidden identification number was not shown to be the same as the stolen Pontias GTO.

The only evidence in the record which connects Delay to his co-defendant, Donald Rogers, is the following testimony by Boyd Slusher:

Q: Do you recall the date you observed Mr. Delay and Rogers, in Mr. Rogers shop?

A: No, I don't.

Q: Recall the approximate date?

A: No.

Q: Was it in the last five years?

A: Yes.

Q: In the last year, in the last two years?

A: Last year, year and a half.

Q: Was it warm or cold?

A: It was warm.

Q: But you don't know Mr. Delay personally?

A: No, Sir.

## II.

The government concedes that there must be substantial evidence in the record to support the following four elements of the offenses charged: (1) that the stolen Camaro and stolen Pontiac were moving in interstate commerce when they were sold; (2) that Delay sold, bartered or disposed of the Camaro and Pontiac; (3) that Delay knew the Camaro and Pontiac to be stolen motor vehicles; (4) that Delay knowingly conspired to transport and sell a stolen motor vehicle.[3]

The evidence elicited by the government was that Delay falsely endorsed Boyd Slusher's name on a check issued in part, for the stolen Camaro and then endorsed his own name. There was also evidence that Delay endorsed "Slusher Auto Sales" and "Boyd Slusher" on the check issued for the Pontiac. Assuming there is substantial evidence in the record to support the conclusion that the cars were moving in interstate commerce when sold, the government has failed to sustain its burden as to the other elements of the offenses charged.

There must be substantial evidence in the record which shows that Delay participated in the sale of the cars. In this regard, it is instructive to note facts which the government failed to prove. For example, the government did not prove (1) that Delay ever had actual

1. A check for $3.200 was issued for payment on both cars. The Chevrolet Malibu was not alleged to have been stolen.

2. Boyd Slusher had never sold cars at the Auction. Only registered dealers are permitted to sell cars at the Auction, and, apparently, Slusher Auto Sales is a registered dealer.

3. Only the stolen Chevrolet Camaro is alleged to be property which was part of the criminal conspiracy.

or constructive possession of these two automobiles; (2) that Delay was ever in or around these two automobiles; (3) that Delay was ever in Indianapolis where the Auction was held, or that the checks were sent to him or any alleged co-conspirator.

■ The government rests its case, as to selling, on an implication arising from Delay's endorsements of the checks. We agree with the government that the endorsements give rise to a possible inference that Delay participated in the sale of the automobiles; we do not agree that the endorsements constitute substantial evidence of such participation. The government has failed to connect the defendant either to the stolen vehicles (see e. g., United States v. Weldon, 384 F.2d 772, 773 (2d Cir. 1967); Fitts v. United States, 284 F.2d 108 (10th Cir. 1960)) or to the sale in Indianapolis. Substantial evidence means relevant probative evidence which a reasonable mind would accept as adequate to support a conclusion. Lattig v. Pilliod, 289 F.2d 478 (7th Cir. 1961). Here the inference that Delay did no more than endorse the checks is as reasonable as an inference that he participated in the sale of the stolen vehicles.

■ The effort by the government to support the conclusion that Delay "knowingly sold" the stolen vehicles suffers from the same insufficiency. Again, the only evidence introduced which lends credence to this element is the two endorsed checks. There is no direct or circumstantial evidence bearing on the defendant's knowledge that the vehicles were stolen. Simply put, the inference that Delay sold cars which he thought were legitimate, is as strong as the inference that he sold cars knowing them to be stolen. Where the evidence as to an element of a crime is equally consistent with a theory of innocence as with a theory of guilt, that evidence necessarily fails to establish guilt beyond a reasonable doubt. Pauldino v. United States, 379 F.2d 170, 172 (10th Cir. 1967).

## III.

The conspiracy count conviction must fall as well. Only the rather vague and indefinite identification by Boyd Slusher, fully outlined earlier in this opinion, lends additional support to this count. Assuming that Delay's check endorsement was his part in aiding the conspiracy, the government must still prove that Delay knew the Camaro to be stolen. "[A]n agreement to transport a motor vehicle in interstate commerce without knowledge that it was stolen * * * would not constitute a criminal conspiracy." United States v. Gardner, 171 F.2d 753, 759 (7th Cir. 1948). Here there is no evidence that Delay participated in the theft of the cars, or that he was in any way involved in either the tranfer of the identification numbers or transportation of the cars. There is also no evidence that Delay received the monies or any part of the monies from the proceeds of the sales. Hence the evidence is woefully inadequate to establish either knowledge that the cars were stolen, or that there was a tacit agreement between Delay and the other alleged co-conspirators to engage in illegal activities. Gable v. United States, 84 F.2d 929 (7th Cir. 1936); United States v. Braico, 422 F.2d 543 (7th Cir. 1970). The identification by Boyd Slusher established no more than Delay and Rogers met on one occasion. Surely no one would contend that this evidence is sufficient to establish an illegal agreement.

The district court characterized this case in the following manner:

"Gentlemen, this is an example of a skimpy record of evidence."

The court's characterization of the quality and adequacy of the evidence is correct. The government having failed to prove all of the elements of the offenses, the judgments appealed from are reversed and remanded with directions for entry of a judgment of acquittal as to Counts VI, VIII and IX.

Reversed and remanded.