**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wayne Gilbert MARVEL, Defendant-
Appellant.**

**No. 73–3293.**

United States Court of Appeals,
Fifth Circuit.

July 5, 1974.

motor vehicle, it would not be necessary to find that he had concealed it, in order to be in violation of 18 U.S.C.A. § 2313.

■ The jury had indicated in the request for additional instructions that it felt the defendant did receive the automobile but it had no evidence that he concealed it. In view of this, we detect no harm to defendant in failure to define for the jury the meaning of "conceal."

---

Les L. McIntyre, Mobile, Ala. (Court-appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin · W. Coleman, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion April 26, 1974, 5 Cir., 1974, 493 F.2d 15).

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

We are not convinced that the objection at trial on the Court's instructions vis-a-vis "concealing" properly addressed the contention made on appeal so that the plain error standard of review would be inappropriate. Nevertheless, we have reviewed the record, assuming the point was properly presented for review, and find that the error being asserted on appeal, if error at all, was harmless.

■ The jury showed no confusion as to the meaning of the word "conceal." The Court properly instructed that if the jury found defendant had received the