**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carrol Edward SANDERS and Sally Lee
Clasen, Defendants-Appellants.**

No. 76–1574
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1976.

Joe Ray Langston, Booneville, Miss., Ed W. Jenkins, Booneville, Miss. (Court-appointed), for defendants-appellants.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Sam Knowlton, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Both of the appellants were convicted for Dyer Act violations under both counts of a two count indictment charging them in Count One with transporting a stolen motor vehicle in interstate commerce,[1] and in Count Two with concealing the same stolen motor vehicle.[2] Appellants were sentenced to *concurrent* three-year terms on each count. Their sole contentions on this appeal challenge only their convictions under Count Two.[3] Appellants do not challenge their convictions under Count One.

It is well settled that the transportation offense codified in Section 2312 is a separate and distinct offense from the concealment transgression codified in Section 2313, even though the same vehicle is involved in both crimes. *Woody v. United States,* 258 F.2d 535 (6th Cir. 1957), *aff'd,* 359 U.S. 118, 79 S.Ct. 721, 3 L.Ed.2d 673 (1959) (by equally divided court); *United States v. Marvel,* 493 F.2d 15, 16 (5th Cir.), *rehearing denied,* 496 F.2d 1170 (1974); *United States v. Ploof,* 464 F.2d 116, 119–20 (2d Cir.), *cert. denied,* 409 U.S. 952, 93 S.Ct. 298, 34 L.Ed.2d 224 (1972) (several cases cited); *United States v. Thompson,* 422 F.2d 1104, 1109–10 (6th Cir. 1970), *aff'd after remand,* 442 F.2d 1333 (6th Cir. 1971); *see United*

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. In violation of 18 U.S.C. §§ 2 & 2312.

2. In violation of 18 U.S.C. §§ 2 & 2313.

3. They assert that the trial court gave an erroneous jury instruction and that the evidence is insufficient to support their convictions.

*States v. Rice,* 428 F.2d 923, 925–26 (5th Cir. 1970). Accordingly, since appellants were sentenced concurrently under Count II (the concealment count), and do not challenge their convictions under Count I (the transportation count), pursuant to the concurrent sentence doctrine we need not and do not reach the merits of their attack on Count II. *Barnes v. United States,* 412 U.S. 837, 848 & n. 16, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Hirabayashi v. United States,* 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); *United States v. Works,* 526 F.2d 940, 948 (5th Cir. 1976).

AFFIRMED.