UNITED STATES of America, Plaintiff,

v.

Joe D. GRINDSTAFF et al., Defendants.

No. CR–2–78–20.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 28, 1978.

On Motion for Acquittal Sept. 28, 1978.

On Renewed Motions Oct. 30, 1978.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Stanley A. Kweller, Gore & Hillman, Bristol, Tenn. and Thomas D. Frost, Dillow & Frost, Kingsport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

■ The defendant Mr. Grindstaff moved the Court to dismiss the indictment herein on the ground that same was not returned until 13 to 14 months after the offenses charged therein are alleged to have occurred. The defendant, not having established that any such preindictment delay was in fact significantly prejudicial to him and that the government acted in bad faith in connection with the delay so as to gain an unfair tactical advantage, the motion hereby is

DENIED. *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752; *United States v. Roberts*, C.A. 6th (1977), 548 F.2d 665, 668[4], certiorari denied (1977), 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 246; *United States v. Swainson*, C.A. 6th (1977), 548 F.2d 657, 663[14], certiorari denied (1977), 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255; see also *United States v. Ferguson*, C.A. 6th (1978), 582 F.2d 1280.

■ Mr. Grindstaff moved the Court also for a severance of the trial of the three defendants named herein. Rule 14, Federal Rules of Criminal Procedure. The test as to a severance of trial under Rule 14, *supra*, is the likelihood of substantial prejudice to one defendant or the defendants if they are tried together. *Schaffer v. United States* (1960), 362 U.S. 511, 514, 80 S.Ct. 945, 947, 4 L.Ed.2d 921, 924 (headnote 2), cited in *United States v. Sims*, C.A. 6th (1970), 430 F.2d 1089, 1092–1093[7].

■ The defendant contends, first, that such a severance should be granted because the positions at trial of the three defendants herein " * * * will be antagonistic. * * * " That ground is insufficient. *United States v. Ehrlichman*, C.A.D.C. (1976), 178 U.S.App.D.C. 144, 163, 546 F.2d 910, 929[15], certiorari denied (1977), 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 570; *United States v. Barber*, C.A. 3d (1971), 442 F.2d 517, 530[14], certiorari denied (1971), 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275.

■ Secondly, it is urged that a severance is necessary because " * * * should the other [d]efendants named in the indictment herein testify, their testimony would exculpate * * * " the moving defendant. Presumably, Mr. Grindstaff is contending that, in a joint trial, he would not be able to avail himself of such exculpatory testimony, because his codefendants would invoke their right not to take the witness stand. Constitution, Fifth Amendment. The grant of a severance on this ground is not favored, and a defendant seeking the same is required " * * * to make an adequate showing of prejudice to justify disregarding the general rule favoring a joint trial for persons jointly indicted. * * * " *United States v. Vaughn*, C.A. 6th (1970), 422 F.2d 812, 814[3]. " * * * [The] [m]ovant must establish to the satisfaction of the trial judge that the testimony in question is exculpatory in effect and that

the designated codefendant will in fact testify at a separate trial. * * *" *United States v. Morrow*, C.A. 5th (1976), 537 F.2d 120, 135[11]; see also *United States v. Grooms*, D.C.Tenn. (1969), 320 F.Supp. 498, 500[3], affirmed C.A. 6th (1970), 438 F.2d 967, certiorari denied (1970), 400 U.S. 929, 91 S.Ct. 189, 27 L.Ed.2d 190.

On the present state of the record herein, it is pure speculation whether either of Mr. Grindstaff's codefendants would be able to, and would, give testimony exculpatory of him, and whether either of them would not testify in a joint trial but would testify in a separate trial. Mr. Grindstaff, having failed to demonstrate the likelihood of substantial prejudice to him resulting from a joint trial, his motion for a severance hereby is DENIED; however, the Court will grant a severance and separate trial to Mr. Grindstaff should it appear to the Court at any stage of the joint trial that substantial prejudice will result to him from a joint trial. *United States v. Dugger*, D.C.Tenn. (1976), 422 F.Supp. 1342, 1344[6].

The same defendant moved the Court also " * * * pursuant to the requirements of *Brady v. Maryland*, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963) * * *" to order the government to produce all evidence which it possesses which is favorable to him and which would tend to exculpate him of the charges herein. The defendant's reliance on *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, is misplaced. " * * * There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. * * *" *Weatherford v. Bursey* (1977), 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42[6]. *Brady* did not deal with pretrial discovery, and it was never intended to create any pretrial remedies. *United States v. Moore*, C.A. 6th (1971), 439 F.2d 1107, 1108; *United States v. Conder*, C.A. 6th (1970), 423 F.2d 904, 911[12, 13], certiorari denied *sub nom. Pegram v. United States* (1970), 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267.

Motion DENIED.

Mr. Grindstaff seeks also a particularization of the indictment herein. Rule 7(f), Federal Rules of Criminal Procedure. " * * * The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him with sufficient precision to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. * * *" *United States v. Birmley*, C.A. 6th (1976), 529 F.2d 103, 108[12].

The United States attorney of this district hereby is ORDERED to file herein, within 10 days herefrom, a bill particularizing the identification of the respective 1976 Cadillac Coupe DeVille automobiles mentioned in counts II, IV, V, VI, VII, VIII, IX, and XI of the indictment herein. Such should include the vehicle identification numbers of such vehicles, to the extent that the same is known by any personnel of the government. In all other respects, the motion hereby is

DENIED. *Will v. United States* (1967), 389 U.S. 90, 98–99, 88 S.Ct. 269, 275[13], 19 L.Ed.2d 305.

On Motion For Acquittal

It is charged in each of the counts II, V and IX of the indictment herein that the remaining defendant Mr. Grindstaff "* * * did receive and conceal * *" a certain respective motor vehicle which was moving in interstate commerce when he knew such vehicle to have been stolen. The defendant moved for entry of a judgment of acquittal on each of these counts in so far as the allegation of concealment is concerned. The motion has merit.

To "conceal" a stolen motor vehicle means purposely to hide, secrete, keep out-of-sight, or to do anything with the intent to hinder, delay, or prevent the discovery of such vehicle. There is evidence from which the jury could find, directly or by reasona-

ble inference, that someone changed the public vehicle identification numbers on all of the 3 vehicles in question. This would certainly provide evidence of their concealment.

■ As to this charge, it is an essential element of the crime that the defendant Mr. Grindstaff concealed each of the vehicles described in the aforenumbered counts. This Court can recall no evidence, and the prosecuting attorneys are able to suggest convincingly none, that Mr. Grindstaff changed the public vehicle identification numbers of any of the vehicles involved.

■ The prosecution cited *United States v. Marvel*, C.A. 5th (1974), 496 F.2d 1170, at 1171, for the proposition that, if the jury had found the defendant had received the stolen motor vehicles, it would not be necessary to find that he had concealed it, in order to be in violation of 18 U.S.C. § 2313. This is true, because it is a violation thereof for any person to receive, *or* conceal, or store, or barter, or sell, or dispose of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen. *Idem.* The fact that there is no evidence that Mr. Grindstaff concealed the motor vehicles does not prevent his being convicted by the jury of receiving the motor vehicles, as charged.

■ The prosecuting attorneys claim also that the fact that the evidence shows Mr. Grindstaff was in possession of the vehicles in question which had been stolen recently and on which the public vehicle identification numbers had been changed permits the jury to infer therefrom that Mr. Grindstaff concealed the vehicles. While such an inference may be drawn from these facts that Mr. Grindstaff may have had knowledge that such automobiles had been stolen, a conclusion cannot be drawn presumptively or inferentially in aid of proof that it was Mr. Grindstaff, rather than some one else, who did the concealing; to do so would be arbitrary. "* * * [T]he difference between the conclusion and the fact proved cannot be bridged presumptively where to do so would be arbitrary. * * *" *Serio v. United States*, C.A.D.C., 126 U.S.App.D.C. 297, 301, 377 F.2d 936, 940[12], vacated on other grounds (1968), 392 U.S. 305, 88 S.Ct. 2063, 20 L.Ed.2d 1111.

The evidence on these charges of the defendant's concealment of these automobiles is equally as consistent with a theory that the defendant is innocent of these charges as it is with the prosecution's insistence that he is guilty of them. Under such circumstances, there is insufficient evidence to prove Mr. Grindstaff guilty thereof beyond a reasonable doubt. *United States v. Saunders*, C.A. 6th (1964), 325 F.2d 840, 843[3], certiorari denied (1965), 379 U.S. 978, 85 S.Ct. 677, 13 L.Ed.2d 568; see also *United States v. Delay*, C.A. 7th (1971), 440 F.2d 566, 568[3]. It thus becomes a matter of law for the Court to determine, and the Court determines that the evidence is insufficient to support a conviction of the defendant on these charges.

The defendant's motion hereby is GRANTED. The concealment charges of the aforenumbered counts will be withdrawn from the jury's further consideration.

On Renewed Motion

The defendant Mr. Grindstaff renewed timely his motion for entry of a judgment of acquittal herein, Rule 29(c), Federal Rules of Criminal Procedure, and moved, in the alternative, for a new trial, Rule 33, Federal Rules of Criminal Procedure. The 4 grounds offered in support of such motion all relate to the insufficiency of the evidence to support his conviction.

In his brief accompanying his motion, Mr. Grindstaff appears to focus on the issue of scienter on his part when he received the 3 vehicles described in counts II, IV, V, and IX of the indictment herein and when he sold and disposed of the vehicle described in count VI thereof. There was evidence from which the jury could have found reasonably by inference that Mr. Grindstaff knew that the 4 1976 Cadillac coupe de ville automobiles were stolen when he received or sold and disposed of them, respectively.

There were bogus identifying title and other documents with each such vehicle. Each had been stolen in the Brooklyn, New York area. There was discovered in that area a box of numerical stamps, and there was evidence that the numbers on all those documents were made by the stamps from that box. In addition, the defendant Mr. Grindstaff, an experienced used car dealer, traded these vehicles in the $4,000–$5,000 range, when each of them had a fair cash market value of from $8,000 to $8,500.

As to the tan automobile described in count II of the indictment, which Mr. Grindstaff admitted he had bought near an airport in this area, Mr. Grindstaff told Mr. Sowder, a trooper of the Tennessee highway patrol, he had purchased this vehicle "* * * up North somewhere. * * *" When Mr. Sowder saw this automobile, it bore New York state license tags. On the very next day, another such trooper inspected the same vehicle at the Grindstaff residential premises; it bore no license tags then, and New York state license tags were found in a trash receptacle nearby.

With reference to the white vehicle described in count IV of the indictment, Mr. Grindstaff claimed that this automobile had been loaned to a prospective purchaser by his (Mr. Grindstaff's) brother-in-law and stolen from such prospect. Mr. Grindstaff kept no written records of any of these transactions, depending upon his memory as a matter of course (according to his claim), and could not relate to the jury in his testimony the name of the prospective purchaser from whom he claimed this automobile, worth at least $4,000, had been stolen. The blue automobiles described in counts V and VI of the indictment were purchased by Mr. Grindstaff, according to his testimony, from two virtual strangers, named "C. C. Owens" and "Red" for $5,000 in cash, and yet he obtained no receipt from these purported sellers for such a large amount of cash money.

The Court discerns no reason to extend this review of the established facts from which the jury could have found scienter on Mr. Grindstaff's part. *Inter alia*, the members of the jury were instructed properly by the Court:

\* \* \* \* \* \*

* * * [Y]ou are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem to you to be justified in the light of your own experience, inferences being deductions or conclusions which reason and common-sense lead you to draw from facts which have been established by the evidence.

\* \* \* \* \* \*

In this lawsuit, the law presumes:

\* \* \* \* \* \*

that things have happened according to the ordinary course of nature and the ordinary habits of life * * *.

\* \* \* \* \* \*

There is a rule of law that, when a defendant voluntarily and intentionally offers an explanation or makes some statement tending to establish his innocence, and if that explanation or statement is shown afterward to have been false, you may consider, if such be the case here, whether this circumstantial evidence points to a consciousness of that defendant's guilt. It is reasonable to infer that an innocent person does not ordinarily find it necessary to invent or fabricate a voluntary explanation or statement tending to establish his innocence. Whether evidence as to Mr. Grindstaff's voluntary explanation or statement points to a consciousness of guilt, and any significance to be attached to any such evidence are matters exclusively within your determination. You should bear in mind, again however, that a defendant is never required to produce any witnesses or evidence.

\* \* \* \* \* \*

In each count, the acts charged against Mr. Grindstaff are alleged to have been done by him when he knew or had knowledge that the vehicle in question had been stolen.

The Congress has provided in a prosecution such as this, this requirement of proof of knowledge that the automobile had been stolen for the purpose of making sure that no defendant will ever be convicted for some act done by mistake or accident or inadvertence or some other innocent reason.

While one of the essential elements of each of the offenses charged against Mr. Grindstaff, which must be proved beyond a reasonable doubt, is that the automobile in question was a stolen automobile at the time he had any dealings with it, such knowledge may be established by circumstances as well as direct proof.

If you find that Mr. Grindstaff believed that he had the right to possession of the motor vehicle at the time and place of each alleged offense, then he cannot be found to have received, sold or disposed of a stolen motor vehicle within the terms of this statute, and you should then vote to acquit him as to that particular count under consideration.

\* \* \* \* \* \*

If you find beyond a reasonable doubt from the evidence that a particular vehicle described in the indictment was stolen and that, while recently stolen, was in the possession of Mr. Grindstaff, you may draw, from those facts, the inference that the vehicle was possessed by the defendant with knowledge that it was stolen, unless possession of the recently-stolen property by Mr. Grindstaff was explained to your satisfaction by other facts and circumstances in evidence before you.

\* \* \* If any possession Mr. Grindstaff may have had of recently-stolen property is consistent with his innocence, or if you entertain a reasonable doubt of his guilt, you must vote to acquit him as to that count.

\* \* \* \* \* \*

In addition, as to each remaining count of the indictment, the Court listed for the jury as an essential element of the crime charged therein that Mr. Grindstaff committed the act(s) charged therein " \* \* \* wilfully and with knowledge that such vehicle had been stolen. \* \* \* " The Court admonished the jury also to give the evidence " \* \* \* a fair and reasonable construction in the light of your own common knowledge of the natural tendencies of human beings. \* \* \* "

The standard for the Court, when presented with a motion for entry of a judgment of acquittal after the discharge of the jury, is the same as for such motion at the conclusion of the prosecution's evidence or all the evidence. That standard is whether there was relevant evidence from which the jury could find or infer properly beyond a reasonable doubt that the defendant is guilty. *Cf. Mullaney v. Wilbur* (1975), 421 U.S. 684, 685, 95 S.Ct. 1881, 1882, 44 L.Ed.2d 508, 511[1a]. This Court concluded then, and reconcludes now, that such relevant evidence is extant herein.

This Court may grant a new trial where required " \* \* \* in the interest of justice. \* \* \* " Rule 33, *supra*. This remedy is used sparingly and in exceptional cases. *United States v. Leach*, C.A. 1st (1970), 427 F.2d 1107, 1111[8], certiorari denied (1970), 400 U.S. 829, 91 S.Ct. 95, 27 L.Ed.2d 59. This is not such an exceptional case.

The motion of the defendant is DENIED in both its alternatives.