SCHAFFER ET AL. *v.* UNITED STATES.

No. 111. Argued March 24, 1960.—Decided May 16, 1960.*

*Together with No. 122, *Karp et al.* v. *United States,* also on certiorari to the same Court.

*Jacob Kossman* argued the cause for petitioners in No. 111. With him on the brief was *Irving W. Coleman.*

*Harris B. Steinberg* argued the cause and filed a brief for petitioners in No. 122.

*John F. Davis* argued the causes for the United States. With him on the briefs were *Solicitor General Rankin, Assistant Attorney General Wilkey, Beatrice Rosenberg* and *Julia P. Cooper.*

MR. JUSTICE CLARK delivered the opinion of the Court.

Involved here are questions concerning joinder of defendants under Rule 8 (b) of the Federal Rules of Criminal Procedure,[1] and whether shipments of stolen goods in interstate commerce may be aggregated as to value in order to meet the statutory minimum of $5,000, under 18 U. S. C. § 2314.[2]

---

[1] Rule 8 (b) provides:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

[2] 18 U. S. C. § 2314 provides in relevant part:

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; . . .

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

18 U. S. C. § 2311 provides so far as material here:

" 'Value' means the face, par, or market value, whichever is the

The indictment charged transportation in interstate commerce of goods known to have been stolen and having a value in excess of $5,000. It contained three substantive counts. Count 1 charged the two Schaffers (petitioners in No. 111) and the three Stracuzzas (defendants below, who either pleaded guilty or had the charges against them *nolle prossed* at trial) with transporting stolen ladies' and children's wearing apparel from New York to Pennsylvania. Count 2 charged petitioner Marco and the Stracuzzas with a similar movement of stolen goods from New York to West Virginia. Count 3 charged petitioner Karp and the Stracuzzas with like shipments from New York to Massachusetts. The fourth and final count of the indictment charged all of these parties with a conspiracy to commit the substantive offenses charged in the first three counts. The petitioners here were tried on the indictment simultaneously in a single trial. On motion of petitioners for acquittal at the close of the Government's case, the court dismissed the conspiracy count for failure of proof. This motion was denied, however, as to the substantive counts, the court finding that no prejudice would result from the joint trial. Upon submission of the substantive counts to the jury on a detailed charge, each petitioner was found guilty and thereafter fined and sentenced to prison. The Court of Appeals affirmed the convictions, likewise finding that no prejudice existed by reason of the joint trial. 266 F. 2d 435. We granted certiorari. 361 U. S. 809.

The allegations of the indictment having met the explicit provisions of Rule 8 (b) as to joinder of defendants, we cannot find clearly erroneous the findings of the trial court and the Court of Appeals that no prejudice resulted from the joint trial. As to the requirements of

greatest, and the aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof."

value, we hold that the shipments to a single defendant may be aggregated. The judgments are therefore affirmed.

We first consider the question of joinder of defendants under Rule 8 (b) of the Federal Rules of Criminal Procedure. It is clear that the initial joinder of the petitioners was permissible under that Rule, which allows the joinder of defendants "in the same indictment . . . if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." It cannot be denied that the petitioners were so charged in the indictment. The problem remaining is whether, after dismissal of the conspiracy count before submission of the cases to the jury, a severance should have been ordered under Rule 14 [3] of the Federal Rules of Criminal Procedure. This Rule requires a separate trial if "it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together . . . ." Under the circumstances here, we think there was no such prejudice.

It is admitted that the three Stracuzzas were the common center of the scheme to transport the stolen goods. The four petitioners here participated in some steps of the transactions in the stolen goods, although each was involved with separate interstate shipments. The separate substantive charges of the indictment employed almost identical language and alleged violations of the same criminal statute during the same period and in the same manner. This made proof of the over-all opera-

---

[3] Rule 14 provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

tion of the scheme competent as to all counts. The variations in the proof related to the specific shipments proven against each petitioner. This proof was related to each petitioner separately and proven as to each by different witnesses. It included entirely separate invoices and other exhibits, all of which were first clearly identified as applying only to a specific petitioner and were so received and shown to the jury under painstaking instructions to that effect. In short, the proof was carefully compartmentalized as to each petitioner. The propriety of the joinder prior to the failure of proof of conspiracy was not assailed.[4] When the Government rested, however, the petitioners filed their motion for dismissal and it was sustained as to the conspiracy count. The petitioners then pressed for acquittal on the remaining counts, and the court decided that the evidence was sufficient on the substantive counts. The case was submitted to the jury on each of these counts, and under a charge which was characterized by petitioners' counsel as being "extremely fair." This charge meticulously set out separately the evidence as to each of the petitioners and admonished the jury that they were "not to take into consideration any proof against one defendant and apply it by inference or otherwise to any other defendant."

Petitioners contend that prejudice would nevertheless be implicit in a continuation of the joint trial after dismissal of the conspiracy count. They say that the resulting prejudice could not be cured by any cautionary instructions, and that therefore the trial judge was left with no discretion. Petitioners overlook, however, that the joinder was authorized under Rule 8 (b) and that subsequent severance was controlled by Rule 14, which provides for separate trials where "it appears that a

---

[4] A motion of petitioner Karp for a severance on grounds other than those tendered here was denied. 158 F. Supp. 522.

defendant . . . is prejudiced . . . by such joinder for trial . . . ." It appears that not only was no prejudice shown, but both the trial court and the Court of Appeals affirmatively found that none was present. We cannot say to the contrary on this record. Nor can we fashion a hard-and-fast formula that, when a conspiracy count fails, joinder is error as a matter of law. We do emphasize, however, that, in such a situation, the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear. And where, as here, the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice. However, the petitioners here not only failed to show any prejudice that would call Rule 14 into operation but even failed to request a new trial. Instead they relied entirely on their motions for acquittal. Moreover, the judge was acutely aware of the possibility of prejudice and was strict in his charge—not only as to the testimony the jury was not to consider, but also as to that evidence which was available in the consideration of the guilt of each petitioner separately under the respective substantive counts. The terms of Rule 8 (b) having been met and no prejudice under Rule 14 having been shown, there was no misjoinder.

This case is not like *United States* v. *Dietrich*,[5] where a single-count indictment against two defendants charged only a single conspiracy offense, or *McElroy* v. *United States*,[6] where no count linked all the defendants and all the offenses. Neither is *Kotteakos* v. *United States*,[7] on which the petitioners place their chief reliance, apposite. That case turned on the harmless-error rule, and its appli-

---

[5] 126 F. 664.

[6] 164 U. S. 76 (1896).

[7] 328 U. S. 750 (1946).

cation to a serious variance between the indictment and the proof. There the Court found "it highly probable that the error had substantial and injurious effect." 328 U. S., at 776. The dissent agreed that the test of injury resulting from joinder "depends on the special circumstances of each case," *id.,* at 777; but it reasoned that the possibility was "non-existent" that evidence relating to one defendant would be used to convict another, and declared that the "dangers which petitioners conjure up are abstract ones." *Id.,* at 778. The harmless-error rule, which was the central issue in *Kotteakos,* is not even reached in the instant case, since here the joinder was proper under Rule 8 (b) and no error was shown.

Petitioners also contend that, since the individual shipments with which they were connected amounted to less than $5,000 each, the requirements of the statute as to value were not present. However, it appeared at the trial that the total merchandise shipped to each petitioner during the period charged in the several counts was over $5,000, even though each individual shipment was less. The trial court permitted the aggregation of the value of these shipments to meet the statutory limit,[8] and it is this that is claimed to be error. A sensible reading of the statute properly attributes to Congress the view that where the shipments have enough relationship so that they may properly be charged as a single offense, their value may be aggregated. The Act defines "value" in terms of that aggregate.[9] The legislative history makes clear that the value may be computed on a "series of transactions."[10] It seems plain that the Stracuzzas and each of the petitioners were engaged in a series of trans-

---

[8] See note 2, *supra.*

[9] See note 2, *supra.*

[10] H. R. Rep. No. 1462, 73d Cong., 2d Sess., p. 2; H. R. Conf. Rep. No. 1599, 73d Cong., 2d Sess., p. 3.

actions, and therefore there is no error on that phase of the case.[11]

Petitioners in No. 122 further contend that certain of the prosecutor's remarks in his summation to the jury were improper and prejudicial. We agree with the treatment of this issue by the Court of Appeals, and see no need for further elaboration.

The judgments are therefore

*Affirmed.*

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUSTICE, MR. JUSTICE BLACK, and MR. JUSTICE BRENNAN concur, dissenting.

The indictment in these cases charged violations of 18 U. S. C. § 2314 for transporting in interstate commerce goods known to have been stolen [1] and having a value in excess of $5,000.[2]

Counts 1, 2, and 3 were substantive counts. Count 1 charged the two Schaffers, petitioners in No. 111, together with the three Stracuzzas, with transporting stolen ladies'

---

[11] This is not a case like *Andrews* v. *United States,* 108 F. 2d 511, where aggregation of shipments to a number of individuals was justified on the theory of a common design among the recipients. The instant case, unlike *Andrews,* involves aggregation of a number of shipments to a single defendant, and therefore it was quite unnecessary to justify aggregation on the theory of common design.

[1] 18 U. S. C. § 2314 provides in relevant part:

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; . . .

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

[2] 18 U. S. C. § 2311 provides so far as material here:

" 'Value' means the face, par, or market value, whichever is the greatest, and the aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof."

and children's wearing apparel from New York to Pennsylvania between May 15, 1953, and July 27, 1953.

Count 2 charged Marco, one of the petitioners in No. 122, and the Stracuzzas with a similar movement from New York to West Virginia from June 11, 1953, to July 27, 1953.

Count 3 charged Karp, the other petitioner in No. 122, with like shipments from New York to Massachusetts from May 21, 1953, to July 27, 1953.

Count 4 charged all the parties with a conspiracy to commit the substantive offenses.

Two of the Stracuzzas (who seemed to be the brains behind the various illegal transactions) pleaded guilty and received suspended sentences. The indictment against the third Stracuzza was disposed of nol. pros. The four present petitioners pleaded not guilty and were tried simultaneously in a single trial,[3] one of the Stracuzzas being the principal witness for the Government.

At the close of the Government's case the court dismissed the conspiracy count [4] for failure of proof. Indeed, it does not appear even arguable that there was evidence linking all petitioners with each other in one conspiracy. Over objection the court continued the joint trial on the remaining substantive counts, instructing the jury that the evidence against each defendant was to be considered separately, the proof against one not to be used against another.

It is clear that but for the conspiracy count the joinder of these petitioners for similar but unrelated crimes would have been in error. Rule 8 (b) of the Federal Rules of Criminal Procedure allows joinder of defendants in the

---

[3] A motion of petitioner Karp for a severance was denied. 158 F. Supp. 522.

[4] A separate indictment charging a conspiracy between petitioners and others to violate 18 U. S. C. § 659 by receiving and concealing goods stolen in interstate commerce was also dismissed.

same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." [5]

The Court of Appeals, while conceding that it would have been clearly erroneous to try petitioners together were it not for the conspiracy count, concluded that no showing of prejudice had been established and that the District Court did not abuse its discretion in denying separate trials.

I take a different view. I believe that once the conspiracy count was dismissed, the court had before it the same problem as would be presented if the prosecution had sought to try before a single jury separate indictments against defendants who had been charged with like crimes but which were wholly unrelated to each other.

Rule 8 (b) [6] contemplates joinder of defendants in two types of situations—first, where they participate jointly in one "act or transaction"; or second, where they participate "in the same series of acts or transactions constituting an offense or offenses." These four petitioners did not participate in one act or transaction as evidenced by the fact that the proof of conspiracy utterly failed. The other acts or transactions charged were not in the same "series," within the meaning of Rule 8 (b).

Mr. Justice Van Devanter, when circuit judge, in *United States* v. *Dietrich*, 126 F. 664, 670, said:

"Much can be said in support of a practice which, subject to a discretion invested in the court to enable

---

[5] Rule 8 (b) provides:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

[6] See note 5, *supra*.

it to do justice between the government and the accused, permits two or more defendants to be in separate counts of the same indictment severally charged with distinct and several offenses of the same class and grade, and subject to the same punishment, where the offenses appear to have been committed at the same time and place and to form parts of the same transaction. Under such circumstances the proof in respect to one offense would almost necessarily throw light upon the other or others, and the connection between them would frequently be so close that it would be difficult or impossible to separate the proof of one from the proof of the other or others."

*McElroy* v. *United States,* 164 U. S. 76, decided long before the present Rules, held it error to consolidate four indictments charging unrelated offenses (arson and assault with intent to kill) where six people were named in three of the indictments and only three of the six in the remaining one. The Court said the question of joinder or severance did not rest "in mere discretion"; that under those circumstances joinder was error as a matter of law:

"[S]uch joinder cannot be sustained where the parties are not the same and where the offences are in nowise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defence, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions." *Id.,* at 81.

I think this is the sound rule and consistent with what Mr. Justice Van Devanter said in the *Dietrich* case. There must somehow be a nexus between the several

transactions charged against the several defendants, lest proof of distinct transactions blend to the prejudice of some defendants. The evidence concerning these petitioners was not in any proper sense of the words evidence concerning "the same series of acts or transactions" constituting an offense. The Schaffers had nothing to do with Karp's shipments to Massachusetts nor Marco's shipments to West Virginia; nor did the latter two have anything to do with the Schaffers' shipments to Pennsylvania. The only possible connection between these disparate transactions was the fact that each petitioner dealt with the Stracuzzas, who were the brains of these deals. But that was a happenstance which did not make petitioners any the less strangers to each other. The Pennsylvania, Massachusetts, and West Virginia shipments had nothing in common except that they were all from the house of Stracuzza. Yet customers of one shop, engaged in an illegal enterprise, do not become participants "in the same series of acts or transactions," unless somehow or other what each does is connected up with the others or has some relation to them.

It is said that the joinder was proper if participation "in the same series" of transactions was "alleged" in the indictment. Such an allegation, to be sure, saves the indictment from attack at the preliminary stages. Yet once it becomes apparent during the trial that the defendants have not participated "in the same series" of transactions, it would make a mockery of Rule 8 (b) to hold that the allegation alone, now known to be false, is enough to continue the joint trial.

The Court in *Kotteakos* v. *United States,* 328 U. S. 750, 773, disapproved the joinder for trial of eight or more conspiracies related in kind "when the only nexus among them lies in the fact that one man participated in all." Guilt with us remains personal. "The dangers of transference of guilt from one to another across the line

separating conspiracies, subconsciously or otherwise, are so great," said the Court in the *Kotteakos* case, "that no one really can say prejudice to substantial right has not taken place." *Id.*, at 774. A like danger of such transference existed in the present case. It is not enough to say that evidence of the guilt of each of the present petitioners may have been clear. Reasons for severance are founded on the principle that evidence against one person may not be used against a codefendant whose crime is unrelated to the others. Instructions can be given the jury and admonitions can be made explicit that the line between the various defendants must be kept separate. The district judge conscientiously made that effort here. But where, as here, there is no nexus between the several crimes, the mounting proof of the guilt of one is likely to affect another. There is no sure way to protect against it except by separate trials, especially where, as here, the several defendants, though unconnected, commit the crimes charged by dealing with one person, one house, one establishment. By a joint trial of such separate offenses, a subtle bond is likely to be created between the several defendants though they have never met nor acted in unison; prejudice within the meaning of Rule 14 [7] is implicit.

This is unlike the case where the conspiracy count and the substantive counts are submitted to the jury, the verdict being not guilty of conspiracy but guilty on the other counts. There is then no escape from the quandary in which defendants find themselves. Once the conspiracy is supported by evidence, it presents issues for the jury to

---

[7] Rule 14 provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

decide. What may motivate a particular jury in returning a verdict of not guilty on the conspiracy count may never be known.

Conspiracy presents perplexing problems that have long concerned courts. See *Krulewitch* v. *United States,* 336 U. S. 440; *Delli Paoli* v. *United States,* 352 U. S. 232. While it is proper at times to join a conspiracy count with substantive counts even where the latter are the same as the overt acts charged in the conspiracy count, *Pinkerton* v. *United States,* 328 U. S. 640, there is danger in any multiplication. The loose practice of trying to bring together into one conspiracy those whose ties are at best extremely tenuous has often been criticized.[8] We allow conspiracy to be put to new dangerous uses when we sanction the practice approved here.

I would reverse these judgments and remand the causes for new trials.

---

[8] See Annual Report of the Attorney General for 1925, pp. 5–6; O'Dougherty, Prosecution and Defense Under Conspiracy Indictments, 9 Brooklyn L. Rev. 263; Developments in the Law: Criminal Conspiracy, 72 Harv. L. Rev. 920, 980–983; Note, Guilt by Association—Three Words in Search of a Meaning, 17 U. of Chi. L. Rev. 148; Note, The Conspiracy Dilemma: Prosecution of Group Crime or Protection of Individual Defendants, 62 Harv. L. Rev. 276; *United States* v. *Falcone,* 109 F. 2d 579, 581 (C. A. 2d Cir.); *United States* v. *Liss,* 137 F. 2d 995, 1003 (C. A. 2d Cir.) (dissenting opinion).