**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert O'BRIEN, Defendant-Appellant.**

**No. 13970.**

United States Court of Appeals
Seventh Circuit.

July 23, 1963.

Richard E. Gorman, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty.; John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Paul David Keller, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Robert O'Brien, defendant, has appealed from a judgment under which he was convicted and sentenced, following a trial before the district court and a jury, on an indictment originally consisting of six counts, which charged violations of 18 U.S.C.A. §§ 371, 1010, and 1014, and related to the alleged making of false and fraudulent statements for the purpose of procuring loans through federal savings and loan associations, which were to be offered to and accepted by the Federal Housing Administration for insurance.

In count one, defendants O'Brien, John Begin, William Vonder Born and Richard Anderson were charged with a conspiracy. In counts two and three only O'Brien was charged. In count four O'Brien and Begin were charged, while in count five O'Brien, Vonder Born and Anderson were charged. In count six only Vonder Born was charged.

The trial proceeded against O'Brien, Anderson and Vonder Born, Begin not having been apprehended.

At the close of the government's case, O'Brien's motion for acquittal was granted as to count four, but was denied as to the other counts in which he was mentioned.[1]

At the close of all the evidence, O'Brien's motion for judgment of acquittal as to the conspiracy count and as to count five was granted. Anderson's similar motion was granted as to the conspiracy count and was denied as to count five. Vonder Born's motion for acquittal as to count six was denied.

The jury found O'Brien guilty on counts two and three and Anderson guilty on count five. It acquitted Vonder Born on count six.

It was seasonably stipulated that objections by one defendant would stand for all unless specifically disavowed.

Defendants O'Brien and Vonder Born did not testify.

1. It is the contention of O'Brien that, the government having failed to prove the conspiracy count, "it is evident from the manner in which the indictment was drawn and the evidence was adduced at the trial that the prosecutor sought again by the device of the conspiracy charge to sweep together various defendants and charge them with a multiplicity of crimes for the simple purpose of trying to show by some association an alliance in crime." In his brief he cites Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790, where Mr. Justice Jackson said:

"* * * The naive assumption that prejudicial effects can be over-

---

1. According to the briefs, it appears that, on motion of the government, count five was dismissed as to Vonder Born and his motion for acquittal was granted as to count one, and Anderson's motion for acquittal was denied.

come by instructions to the jury, cf. Blumenthal v. United States, 332 U.S. 539, 559 [68 S.Ct. 248, 92 L.Ed. 154], all practicing lawyers know to be unmitigated fiction. * * * "

O'Brien's counsel contends that this case is typical of the practice of prosecutors in returning an indictment charging various crimes and a conspiracy and trying to engulf the defendants by overwhelming prejudicial evidence in a situation where they cannot by any stretch of the imagination extricate themselves.

This court has recently, however, taken a different view of such a situation. In United States v. Rabin, 7 Cir., 316 F.2d 564, 568 (1963), we said:

"We are not persuaded by defendant's argument that his prosecution on multiple counts in some of which, including the conspiracy count, others were joined resulted in prejudice which deprived him of a fair trial and violated his right to due process. The joinders of offenses and defendants were proper (Rule 8, Federal Rules of Criminal Procedure). Thus, we are concerned only with whether in the trial of the cause actual prejudice to a substantial right of the defendant resulted from such joinders. Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921. The defendant was acquitted on Counts V, VI and IX. On the record before us there is nothing to indicate that the jury in reaching the verdicts it did improperly considered evidence material only to the guilt of others or to the proof of other offenses. The verdicts of acquittal support such conclusion. Unlike Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 and Dodson v. United States, 6 Cir., 215 F.2d 196, relied upon by defendant, there was no conviction here under a joint or conspiracy count upon which to predicate any contention the convictions were based on evidence of wrongdoing by others and a belief of the jury 'that birds of a feather are flocked together'. The admonitions contained in those cases have no application here. And the acquittals demonstrate the defendant was not prejudiced by a 'transference of guilt'—a danger pointed out in the Kotteakos case [Kotteakos v. United States], 328 U.S. 750, 774, 66 S.Ct. 1239, 1252, 90 L.Ed. 1557—nor by the substitution of the 'feeling of collective culpability for a finding of individual guilt' mentioned in United States v. Bufalino, 2 Cir., 285 F.2d 408, 417."

We look to the Supreme Court for guidance and find that in Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921, where, after the trial court had dismissed a conspiracy count, defendants were required to go to the jury on the substantive counts. Although defendants there contended that they would nevertheless be prejudiced in a continuation of the trial after dismissal of the conspiracy count, and that cautionary instructions would not cure the prejudice, the court pointed out that no prejudice was shown and that it could not fashion "a hard-and-fast formula that, when a conspiracy count fails, joinder is error as a matter of law." The court recognized however that "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear."

2. It is true that in the case at bar counsel for O'Brien did, in rather informal language which we think however was sufficient, make a motion for a severance as to his client. That motion was denied by the court.

■■ In Schaffer, 362 U.S. at 516, 80 S.Ct. at 948, the court remarked, "It appears that not only was no prejudice shown, but both the trial court and the Court of Appeals affirmatively found that none was present. We cannot say to the contrary on this record." In the case at bar, we cannot find from the record that O'Brien was prejudiced by this ruling and certainly, even if we were in doubt, we could not say that the

district court abused its discretion in ruling as it did.

3. Defendant insists that the district court erred in not granting his motion for mistrial based on the fact that government counsel, in his closing argument, referred "to the failure of the defendant to testify in his own behalf". However, the record shows that what government counsel actually said was:

"Now, Miss Coonrod [counsel for Vonder Born] stated her arguments as to the defendant Mr. Vonder Born, that you are not to hold against him the fact that he did not take the witness stand."

Miss Coonrod then stated:

"I object to that inference that it is possible to hold against a defendant the fact that he did not take the witness stand."

Government counsel then said:

"Miss Coonrod said that we do not have to have Mr. Vonder Born get on the witness stand to testify and tell you that story about why he is here as a defendant in the case. He will stand on his statement. Well, the statement he gave, I believe, the last one was July of 1960. Since July of 1960, this investigation has continued. Mr. Vonder Born knows that time lapses can develop certain things. Now, Mr. Vonder Born is telling you his story by a statement without cross examination. That is very important. I submit to you that is why he does not want to take the witness stand, because he does not want to be cross examined * * *".

Miss Coonrod then stated:

"I ask that a juror be withdrawn and a mistrial be declared."

The record shows that the court stated "I feel that is not necessary. That is dealt with, in fact, in the instructions."

■ If the prosecutor had mentioned a failure to testify by Vonder Born *and O'Brien* or generally *"the defendants"*, counsel for O'Brien might be in a position to argue the point which he now seeks to present to us for decision. The stipulation that objections by one defendant would stand for all would then be applicable, but the objection of Vonder Born's counsel was limited to her client and cannot be considered applicable to any defendant except him.

4. After the jury retired to consider its verdict, it sent to the court a written inquiry, which read:

"On Count III, the indictment states that ownership of the premises at 3646 North Paulina was not in the hands of Gardiner and O'Brien. We can find no proof to refute ownership. Is this reason to find him not guilty. If we find him guilty as to any part of the charges, should our finding be guilty?"

■ In the absence of the jury this inquiry was called to the attention of counsel and O'Brien's attorney stated that he thought that the court had already instructed the jury as to that, and that "Any additional instruction would be, as far as the question is concerned, would be instructing them that they should find him guilty." Following a further colloquy by the court and counsel, the jury was brought into court and the judge referred to the inquiry and explained as follows:

"The rule is that you must find that one or more material items specified in the indictment have been proved beyond a reasonable doubt before you can return a finding of guilty; yet you need not find that all of the items in the particular count have been so proved."

The jury then retired and resumed its deliberations.

Counsel for O'Brien contends that the effect of this instruction was to take an issue from the jury and direct its verdict. We have examined and re-examined the answer which the court gave to the jury's inquiry. We hold that he took no issue from the jury and directed no verdict.

**5.** When Robert J. Tuberson, an agent of the Federal Bureau of Investigation, was testifying for the government, he was cross-examined by attorney Rotenberg, representing defendant Anderson, in regard to his meeting with Anderson at the latter's home in November, 1961. During the cross-examination, the following occurred:

"Q. At this meeting at Mr. Anderson's home in November of 1961, who was present?

"A. Myself, Defendant Anderson, his wife, and several children.

"Q. At that time did you not ask him if he would testify against O'Brien?

"A. I did.

"Q. And at that time he said he could not because these facts in your statement, Government's Exhibit No. 53, were not true.

"A. No, he did not state that."[2]

On re-direct examination of Tuberson, by government counsel, he was asked:

"In your conversations with Mr. Anderson concerning his testifying as a witness in this case Mr. Tuberson, what was his position that he related to you?"

His answer was:

"He told me that he didn't want to testify because of his job. He stated that he worked for, in his words, the syndicate."

Mr. Rotenberg objected on the ground that his reasons for not wanting to testify were not material.

Counsel for O'Brien made a motion for a mistrial, or the granting of a severance, which was denied by the court.

Supplementing the briefs herein, the government filed a memorandum in regard to the above proceedings and a reply has been filed by counsel for O'Brien, who argues that the use of the word "syndicate" by the witness was injected into the case to the prejudice of O'Brien; that it is a term having sinister connotations and its effect on O'Brien at the trial was increased by the argument of government counsel to the jury, when he said:

"We know that Richard Anderson bragged at one time about his connection with the Syndicate."

We believe that this effort by the government to rely on the brief references to the syndicate leaves the prosecution open to some criticism. However, we do not find that it descends to the degree of misconduct of government counsel which was condemned in Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. Instead we have before us a case "where the misconduct of the prosecuting attorney was slight * *." It does not constitute reversible error.

For the reasons which we have set forth herein, the judgment of the district court is affirmed.

Judgment affirmed.

---

2. Government's exhibit 53 had been prepared by Tuberson after talking with Anderson, but had not been signed by Anderson.