### UNITED STATES of America, Plaintiff-Appellee,

v.

### Samuel Robert WOOLDRIDGE and John Taylor, Defendants-Appellants.

#### No. 77–5485

#### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 8, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John L. Lawler, Mobile, Ala. (Court-Appointed), for Wooldridge.

Theodore L. Hall, Mobile, Ala. (Court-Appointed), for Taylor.

W. A. Kimbrough, Jr., U. S. Atty., E. T. Rolison, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants Samuel Wooldridge and John Taylor were charged together with three other defendants in a seven-count indictment involving stolen motor vehicles. All the defendants were charged in one count of conspiring to transport, receive and conceal stolen motor vehicles in violation of 18 U.S.C. §§ 2312, 2313. In addition, Taylor was charged with two counts of transporting stolen vehicles in interstate commerce in violation of 18 U.S.C. § 2312 and Wooldridge was charged with two counts of receiving and concealing stolen motor vehicles in violation of 18 U.S.C. § 2313.

As the other three defendants pleaded guilty, only Taylor and Wooldridge stood trial. At the close of evidence, the trial judge directed a verdict of acquittal in favor of Wooldridge on the conspiracy count and submitted the other charges to the jury. The jury convicted Taylor on all three counts and Wooldridge on the remaining two counts. The trial judge sentenced both men to concurrent three-year terms of imprisonment for each of the counts on which they were convicted. The trial judge suspended all but five months of Wooldridge's sentence.

Numerous errors are asserted on this appeal. Wooldridge and Taylor each contend that the joinder of the charges against them with the charges against the other four defendants was improper. Wooldridge also claims that the court erred in allowing the Government to question its own witness concerning previous felony convictions and that the automobile described in count 7 was not sufficiently identified as the property of another. Taylor alleges that the jury reached a verdict without properly understanding the meaning of reasonable

doubt, that the Government failed to prove nonconsent to the vehicle's transportation by all of the owners of the vehicle referred to in count 5, and that the trial court erroneously refused to instruct the jury that it could disregard all the testimony of witnesses impeached by proof of prior felony convictions. We find these contentions to be without merit.

█ The charges against the defendants were properly joined in a single indictment. Federal Rules of Criminal Procedure, Rule 8(b) permits two or more defendants to be "charged in the same indictment   .   .   . if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The indictment in this case charged the defendants with acts constituting a conspiracy to transport and conceal stolen motor vehicles. The substantive offenses charged in the other counts are acts contributing to the goals of this conspiracy. *United States v. Levine,* 5 Cir., 1977, 546 F.2d 658, which is relied on by Wooldridge and Taylor, is distinguishable from the instant case. In *Levine* the indictment charged a wheel conspiracy but failed to show any relationship between the defendants who formed the spokes of the wheel. In the present case the indictment taken as a whole charged a single chain conspiracy to transport and dispose of stolen motor vehicles with persons such as Taylor aiding the conspiracy by transporting the stolen automobiles and persons such as Wooldridge contributing to the scheme by receiving and concealing the automobiles after they have been transported. It is irrelevant that the substantive counts of the indictment do not allege acts by both Taylor and Wooldridge with respect to the same motor vehicles since every member of a conspiracy need not participate in each of the conspiracy's actions. *See United States v. Perez,* 5 Cir., 1973, 489 F.2d 51, 62. Further, it is irrelevant that the conspiracy count against Wooldridge was eventually dismissed since there was no showing of bad faith on the Government's part in originally seeking the indictment. *See Schaffer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960).

█ Wooldridge's remaining claims also do not demonstrate any error. The Government's questioning of its own witness concerning prior felony convictions was admissible to enable the jury to evaluate the witness' testimony. Under the new Federal Rules of Evidence, the credibility of a witness may be attacked by the party calling him. *See, e. g.,* Fed.R.Evid. 607; *United States v. Palacios,* 5 Cir., 1977, 556 F.2d 1359; *United States v. Alvarez,* 5 Cir., 1977, 548 F.2d 542, 543 n. 3. Taken in the light most favorable to the Government, the evidence was sufficient to prove that the 1974 Monte Carlo, which count 7 charged Wooldridge with receiving and concealing, was stolen. FBI Agent Lund testified that the vehicle identification number on the car had been changed and that the number on the serial plate matched that of a Monte Carlo of the same year and model that had been reported stolen in Mississippi. Even if this evidence was insufficient to prove the car was in fact stolen, no objection is raised to the sufficiency of the evidence in count 6 and hence the concurrent sentence doctrine precludes any error. *See Hirabayashi v. United States,* 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); *United States v. Juarez,* 5 Cir., 1978, 566 F.2d 511.

█ Similarly Taylor's contentions lack merit. The jury's request for additional instructions, including one on the meaning of reasonable doubt, before reaching a decision on the last count does not demonstrate that the jury must have been confused when it considered the earlier counts. This request could have been caused by the jury having particular difficulty in reaching a decision on the last count rather than by the jury being generally confused as to the meaning of reasonable doubt. We also need not decide if the evidence was sufficient on count 5 in the absence of evidence that both of the joint owners of the car had failed to consent to its transportation since the concurrent sentence doctrine again applies. *See Hirabayashi, supra; Juarez, su-*

*pra.* Finally, the district judge did not err in refusing to instruct specifically that the jury could disregard all the testimony of a witness who had been convicted of a prior felony. The failure to give a requested charge is error only if the charge is "not substantially covered in the main charge." *See Pine v. United States,* 5 Cir., 1943, 135 F.2d 353, 355. The instructions were adequate in this case since the trial judge charged that the jurors were "the sole judges of the credibility of witnesses and the weight their testimony deserves" and that prior felony convictions were "a circumstance which you may consider in determining the credibility of the witness."

AFFIRMED.