**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David MARTIN, Defendant-Appellant.**

No. 85–1564.

United States Court of Appeals,
Sixth Circuit.

Argued June 2, 1986.

Decided Sept. 3, 1986.

Richard M. Helfrick, Federal Defender Office, Detroit, Mich., Rafael C. Villarruel (argued), for defendant-appellant.

F. William Soisson, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

## I.

KEITH, Circuit Judge.

Defendant-Appellant, David Martin, appeals his jury conviction on two counts under 18 U.S.C. § 2314 (1982), which proscribes the interstate transport of money and securities procured by fraud. The statute has a five-thousand dollar jurisdictional requirement. The case was before Judge Ralph Guy, Jr., Eastern District of Michigan. The defendant was sentenced June 18, 1985, to two concurrent terms of two years each. The key issue on appeals is the propriety of aggregating the checks of $3,500 and $3,000 to meet the $5,000 jurisdictional amount. An ancillary issue is whether Counts One and Two were "duplicitous". Appellant, in his motion to dismiss Count Two of the indictment, claims this count should have been dismissed as duplicitous, and contends he should have been charged with only one count. We affirm the decision below finding aggregation proper and the counts not duplicitous.

Count One of the indictment alleged that on or about December 29, 1982, defendant caused to be transported from Michigan to Texas a bank check of $13,000 drawn on Patricia Zuccato's account, payable to David Martin, in violation of 18 U.S.C. § 2314. Count Two under Section 2314 charged that on January 18 and January 26, 1983, defendant caused two bank checks to be transported from Michigan to Texas. The two bank checks were drawn on Patricia Zuccato's account and were payable to appellant in the amounts of $3,500 and $3,000.

Ms. Zuccato sent the checks to defendant, in Texas, partially relying on defendant's fraudulent promise to marry her. Specifically, Ms. Zuccato sent the $13,000 check on defendant's assurance that he would invest that money for her. Ms. Zuc-

cato sent the $3,500 check on the belief that defendant would use it to buy her a Cadillac Eldorado, and the $3,000 check on the belief appellant would "finance a deal" on a townhouse, where they would supposedly live after marriage. Defendant never used the three checks for these purposes, but instead diverted them to his personal checking account.

## II.

■ Appellant contends it was improper for the trial court to aggregate the two checks sent respectively on January 18 and January 26, 1983, to meet the $5,000 jurisdictional requirement. The leading case of *Schaffer v. United States*, 362 U.S. 511, 517, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960) allowed aggregation under 18 U.S.C. § 2314 insofar as "A sensible reading of the statute properly attributes to Congress the view that where shipments have enough relationship so that they may properly be charged as a single offense, their value may be aggregated." We find it unnecessary to specifically delineate the parameters of the test for aggregation embodied in *Schaffer*. Factual situations are far too varied for such an approach to be feasible. Whether aggregation is proper or not should be reviewed under a "clearly erroneous" standard; the trial court should have flexibility in determining whether aggregation meets the $5,000 jurisdiction requirement of 18 U.S.C. § 2314. Accordingly, we find the district court's factual analysis supporting aggregation under *Schaffer* not clearly erroneous:

> In the instant case, the two checks at issue appear to be directed toward the acquisition of certain accoutrements of a marital relationship into which Ms. Zuccato was allegedly led to believe she was about to enter with defendant. In addition, the two checks were sent to defendant within the time span of 8 days. The court concludes that there exists a sufficient relationship between the two transactions as to make their inclusion in a

single count of the indictment proper. Further, the court finds proper the aggregation of the value of those checks in order to meet the jurisdictional amounts specified in the statute.

(Memorandum Opinion, February 26, 1985, denying appellant's motion to dismiss the indictment.)

## III.

■ Appellant also contends that Count Two should have been dismissed for being "duplicitous as it is undistinguishable from Count One." Rather, defendant argues, all three checks should have been aggregated into only one count. This argument lacks merit. The Second Circuit dealt with this same issue in *United States v. Chitty*, 760 F.2d 425 (2nd Cir.1985). In *Chitty*, appellant transported stolen bonds from New York to New Jersey on April 5, 1983, and transported the *same* bonds from New Jersey to New York on June 17, 1983. He argued that the two counts corresponding to each transportation were multiplicitous, and that "because the same bonds were transported in both trips, there was but one 'transportation' for purposes of § 2314." *Id.* at 428. The court in *Chitty* rejected the argument that the counts were multiplicitous, stating: "[E]ach interstate or foreign transportation of stolen securities constitutes a separate violation of § 2314, even if the various acts of transportation are part of a single scheme." *Chitty* at 428 (quoting *United States v. Johnpoll*, 739 F.2d 702, 714 (2nd Cir.1984) *cert. denied*, 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 983 (1984)).

The rationale for separate counts in the instant case is certainly as strong, if not stronger, than that in *Chitty*. In *Chitty* separate counts were allowed even though the *same* securities were transported, albeit on different days. Here, we are dealing with three *distinguishable* checks. The rationale of *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955),[1]

---

**1.** *Bell* specifically held that a violation of the Mann act, where a *single* trip involved the inter-

state transportation of two women, could result in only one count of an indictment. The ratio-

that cumulative punishments through separate counts is inappropriate when you are dealing with only a *single* illegal transaction, is not applicable in the instant case; here we are dealing with more than a single illegal transaction.

In conclusion, aggregation under Count Two to meet the $5,000 jurisdictional requirement was proper, and Count One and Count Two were not multiplicitous. Accordingly, we AFFIRM.

nale of *Bell* has been applied to § 2314 cases i.e. *Castle v. United States,* 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961); *Cooks v. United States,* 461 F.2d 530 (5th Cir.1972); *United States v. Kitowski,* 729 F.2d 1418 (11th Cir.1984), which hold

that a *single* trip across state lines can result in only *one* criminal charge of transporting forged securities in interstate commerce regardless of the number of securities involved or their amount.