946 F.2d 127
 292 U.S.App.D.C. 37
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Maurice TAYLOR, Appellant.
 No. 90-3239.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 18, 1991.
 
 Before WALD, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellant Maurice Taylor was indicted along with Colin Wilson and Melvin Harris for (1) distribution of cocaine on January 30, 1990, (2) possession with intent to distribute more than five grams of cocaine on February 7, 1990, and (3) conspiracy to distribute and to possess with the intent to distribute cocaine from January 30 to February 7, 1990. In a trial before Senior District Judge Oliver Gasch, the jury convicted Taylor and Wilson for the January 30 distribution, convicted Taylor for the February 7 possession with intent to distribute, and acquitted all defendants of the conspiracy charge. Judge Gasch sentenced Taylor to 63 months in prison.
 
 
 5
 On appeal, Taylor contends that the district court should have (1) ordered separate trials for the January 30 and February 7 offenses and (2) excluded evidence that co-defendant Wilson had previously purchased drugs from Taylor. We reject Taylor's contentions and affirm his conviction.
 
 FACTS
 
 6
 On January 30, 1990, Officer Darrell Young of the Metropolitan Police Department was working undercover in Northeast Washington, D.C. At approximately 8:20 p.m., Officer Young approached Colin Wilson on the street and asked him if he had a "twenty," meaning a $20 rock of crack cocaine. Wilson replied that he did not have any cocaine, but he knew where he could get some.
 
 
 7
 Wilson and Young then walked three blocks to the Rib Pit, a restaurant on Rhode Island Avenue. Officer Young gave Wilson a twenty dollar bill, and Wilson asked Young to wait outside. Young watched through the windows of the restaurant as Wilson approached Maurice Taylor and handed Taylor the twenty dollar bill. Taylor reached under the counter near the cash register, produced a small plastic bag, and gave the bag to Wilson. Wilson then left the restaurant, walked to the corner, and handed the plastic bag to Officer Young. The contents of the plastic bag later tested positive for cocaine.
 
 
 8
 On February 6, 1990, Officer Young again approached Wilson on the street, this time asking Wilson to arrange a larger purchase of cocaine. Wilson told Officer Young, "I might set you up with Moe [Taylor]," and asked Young to meet him the next night.
 
 
 9
 On February 7, police searched the Rib Pit pursuant to a warrant. In a blue jacket under the counter near the cash register they discovered one large bag and six smaller bags of cocaine. Police officers also discovered $745 in Taylor's pocket and $1,000 in Taylor's car.
 
 
 10
 At trial co-defendant Wilson testified that he had purchased drugs from Taylor on "three or four" previous occasions. Co-defendant Harris testified that he had seen Taylor wear a jacket like the blue one found to contain cocaine.
 
 
 11
 Taylor testified that he had left the Rib Pit on January 30 at about 7:00 p.m., picked up his girlfriend, and spent the next hour-and-a-half at her home. Taylor's girlfriend, Taylor's mother, and Harris all verified parts of Taylor's alibi. Taylor testified that the blue jacket found on February 7 with the drugs in it was not his; he also stated that he was carrying a large sum of money on February 7 in order to pay his tuition at a trade school and for automobile repairs.
 
 ANALYSIS
 
 12
 1. Joinder of offenses. The Government may join multiple offenses in a single indictment when all of the offenses charged arise from "the same act or transaction" or are based upon "a common scheme or plan." Fed.R.Crim P. 8(a). Hence, Taylor concedes that the initial joinder of the offenses was proper. Once offenses are properly joined, the district court may still order separate trials of the offenses if a joint trial would result in prejudice to the defendant. Fed.R.Crim P. 14. The decision to sever properly joined offenses is entrusted to the discretion of the trial court. United States v. Lewis, 626 F.2d 940, 945 (D.C.Cir.1980). We will reverse the district court's denial of severance only upon a showing of abuse of discretion. Id.; see also, e.g., United States v. Halliman, 923 F.2d 873, 884 (D.C.Cir.1991) (involving joinder of defendants); United States v. Perry, 731 F.2d 985, 992 (D.C.Cir.1984) (same). In this case, because Taylor never asked the district court to order separate trials of the offenses, we must affirm Taylor's conviction unless the district court's failure to sever the offenses was "plain error." See Fed.R.Crim.P. 52(b).
 
 
 13
 Taylor argues that because the jury acquitted all defendants on the conspiracy count, the trial judge should have ordered new, separate trials for the other two offenses. Cf. Schaffer v. United States, 362 U.S. 511, 516 (1960) (trial court's dismissal of conspiracy charge does not, absent prejudice, mandate severance of defendants). Taylor claims that the failure to sever was prejudicial because it allowed the jury to (1) cumulate evidence of the separate offenses and (2) infer that Taylor had a general criminal disposition. See Lewis, 626 F.2d at 945; Drew v. United States, 331 F.2d 85, 88 (D.C.Cir.1964).
 
 
 14
 a. Cumulation of evidence. The danger of the jury prejudicially cumulating the evidence is at its greatest when the Government has either (1) weak evidence on both counts or (2) weak evidence on one count and strong evidence on the other. Cf. United States v. Mardian, 546 F.2d 973, 977 (D.C.Cir.1976) (en banc) (requiring severance of defendants "when the evidence against one or more defendants is far more damaging than the evidence against the moving party"). The case against Taylor was solid on both counts, however: A number of eyewitnesses testified that he distributed cocaine on January 30, and strong circumstantial evidence linked him to the jacket containing the large quantity of cocaine on February 7.
 
 
 15
 Moreover, this court has held that when the evidence of guilt of each offense is "simple and distinct," proper jury instructions adequately protect against the danger of prejudice. See Drew, 331 F.2d at 91. Here, the evidence presented against the defendant on each offense was distinct, see Lewis, 626 F.2d at 945, and Taylor concedes that the judge delivered proper jury instructions. In addition the jury's verdict--acquitting Harris on all three counts, finding Wilson guilty on one of three counts, and finding Taylor guilty on two of three--indicates that the jury did follow the district court's instruction to consider the evidence against each defendant on each count separately.
 
 
 16
 b. Inferring criminal disposition. Federal Rule of Evidence 404(b) prohibits the introduction of evidence of a defendant's prior "bad acts" if the evidence is offered merely to establish the defendant's propensity for criminal behavior. In a joint trial of two offenses, however, there is a danger that evidence relevant to one offense might lead the jury to infer that the defendant has a general criminal disposition, and induce the jury for that improper reason to return a guilty verdict on the second offense. Lewis, 626 F.2d at 945; Drew, 331 F.2d at 88.
 
 
 17
 When the evidence of each offense would be admissible at a separate trial of the other offense, however, the defendant suffers no prejudice from a joint trial of the offenses. E.g., Drew, 331 F.2d at 90; cf. id. at 91 (severance not always required merely because evidence is not cross-admissible); Halliman, 923 F.2d at 884 (same for severance of defendants). To determine whether evidence is cross-admissible, the court must inquire: (1) whether the evidence is introduced to show a material element in the crime, Fed.R.Evid. 404(b), and, if so, (2) whether the evidence is more probative than it is unfairly prejudicial to the defendant, Fed.R.Evid. 403. See United States v. Nicely, 922 F.2d 850, 856 (D.C.Cir.1991) (reviewing two-step inquiry).
 
 
 18
 Taylor's defense to the January 30 charge was an alibi. Evidence of the February 7 possession tends to rebut Taylor's alibi and to establish his identity as the distributor on January 30: That someone who looked like Taylor possessed cocaine with the intent to distribute it at the same exact place (under the counter near the cash register at the Rib Pit) on February 7 tends to establish that it was Taylor, and not someone else who just happened to look like Taylor, who distributed the cocaine on January 30.
 
 
 19
 Similarly, evidence of the January 30 distribution bears upon Taylor's intent on February 7: That Taylor actually distributed cocaine at the same place just one week earlier makes it more likely that Taylor intended to distribute the cocaine he possessed on February 7. Although Taylor's main defense to the February 7 charge was innocent presence (and not possession without intent to distribute), intent was still an element of the crime that the Government was obligated to establish.
 
 
 20
 Rule 403, which allows a trial judge to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, gives the district court broad discretion over the admissibility of evidence. See, e.g., United States v. Perholtz, 842 F.2d 343, 358 (D.C.Cir.1988). In a separate trial of either offense, we cannot conclude that it would have been an abuse of discretion for the district court to admit evidence relating to the other offense.
 
 
 21
 Accordingly, we find no plain error in the trial court's failure to grant separate trials for the two offenses.
 
 
 22
 2. Wilson's testimony. The two-step inquiry for the admissibility of prior "bad acts" evidence also governs Taylor's claim that the district court erred in allowing Colin Wilson to testify that he purchased cocaine from Taylor on "three or four" previous occasions. Taylor did object to this testimony at trial.
 
 
 23
 The evidence of Wilson's previous drug transactions with Taylor was not introduced solely to show Taylor's criminal disposition. See Fed.R.Evid. 404(b). As noted above, Taylor's defense to the January 30 charge was alibi, and implicit in the alibi defense is the claim that the prosecution's eyewitnesses misidentified the defendant. The Government is permitted to counter this claim by establishing the credibility of the eyewitness's identification through evidence of prior meetings between the eyewitness and the defendant. See, e.g., United States v. Jones, 476 F.2d 533, 536-37 (D.C.Cir.1973). In addition, the evidence of Taylor's prior cocaine distribution tends to establish Taylor's intent to distribute on February 7, a material element of the February 7 offense. See, e.g., United States v. Harrison, 679 F.2d 942, 948 (D.C.Cir.1982).
 
 
 24
 In admitting this evidence, the district court determined that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice to Taylor. See Fed.R.Evid. 403. In making this determination, the district court did not abuse its discretion.
 
 CONCLUSION
 
 25
 We find no plain error in the district court's failure to grant separate trials for the January 30 and February 7 offenses, and no reversible error in that court's failure to exclude evidence of Taylor's previous cocaine distribution. Taylor's conviction is therefore
 
 
 26
 Affirmed.