UNITED STATES of America

v.

Calvin SUMLER, Michael Jefferson, Gerald Smith, Vernon Washington, a.k.a. Gink, Larry Walker, Jr.

Crim. A. No. 95–00154.

United States District Court, District of Columbia.

April 1, 1996.

James Lawrence Lyons, Kellogg, Williams & Lyons, Washington, DC, Thomas Abbenante, Washington, DC, Cheryl Denise Stein, Washington, DC, Thomas Todd Heslep, Washington, DC, Robert Ernest Sanders, Washington, DC, Patrick Michael Donahue, Collins & Donahue, Washington, DC, Leonard E. Birdsong, Chavers & Birdsong, Washington, DC, William Jackson Garber, Washington, DC, Alan Drew, Upper Marlboro, MD, Pleasant S. Brodnax, III, Alexandria, VA, Jensen Egerton Barber, Barber & Lepley, Washington, DC, Marie Elise Haldane, Washington, DC, Christopher Michael Davis, Davis & Davis, Washington, DC, H. Heather Shaner, Washington, DC, Joanne Roney Hepworth, J. Roney Hepworth & Associates, Washington, DC, and Jane Carol Norman, Washington, DC, for defendants.

Michael Volkov, U.S. Attorney's Office, Washington, DC, for the U.S.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

■ This matter comes before the Court on the motions of Defendants Walker and Smith for severance.[1] The Defendants are charged in a fifty-four count superseding indictment with participating in an ongoing conspiracy to distribute narcotics. Defendants claim that they will be unduly prejudiced by the inclusion of certain acts in the indictment which they claim are irrelevant to the Government's case.

■ Rule 14 of the Federal Rules of Criminal Procedure allows a court to grant severance "[i]f it appears that a Defendant or the government is prejudiced by a joinder of offenses or of defendants* * *." The trial court has great discretion in determining whether or not to grant severance. *U.S. v. Butler*, 822 F.2d 1191, 1194 (D.C.Cir.1987). The Court must balance the potential for prejudice against the Defendants and the legitimate interest in efficient and expeditious proceedings. *United States v. Long*, 905 F.2d 1572 (D.C.Cir.1990), *cert. denied* 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990). In a conspiracy case, it is not necessary that each Defendant be charged with every substantive count. *Schaffer v. United States*, 362 U.S. 511, 512–13, 80 S.Ct. 945, 946–47, 4 L.Ed.2d 921 (1960). It is also not required that Defendants have played equal roles in the activities of the conspiracy. *United States v. Ianniello.* 621 F.Supp. 1455, 1477–78 (S.D.N.Y.1985).

In a multiple defendant conspiracy case such as this the Government must have the ability to present its case to the jury in as clear and cogent a manner as possible. Granting Defendants' motion for severance would require the Government to break up the presentation of its planned case and probably cause confusion. It would also require this Court to hold several proceedings involving the same illegal acts, with the same witnesses and the same evidence. Such issues of judicial economy and efficiency tip the balance in favor of a joint trial. *U.S. v. Manner*, 887 F.2d 317, 324 (D.C.Cir.1989).

The thrust of the Defendants' argument is that they will be unfairly prejudiced by the inclusion of certain acts in the indictment. The issue of whether the substantive evidence supporting those alleged acts is prejudicial is governed by Rule 403 of the Federal Rules of Criminal Procedure. Similarly, evidence of certain crimes may be barred under

---

1. Rule 8(b) of the Federal Rules of Criminal Procedure authorizes joinder of two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

Rule 404(b). Such determinations can only be made in the context in which the evidence is offered. It is premature to make such determinations out of context and without the facts. If the Government strays too far the Court will entertain appropriate objections from defense counsel during the course of the trial. Possible prejudice to the Defendants will be alleviated by appropriate instructions to the jury. *See U.S. v. Butler*, at 1194. Defendants' motions for severance are denied.