[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10899
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:09-cr–00241-WSD-ECS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOUSSA BARADJI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Moussa Baradji appeals his conviction for felony copyright infringement, in violation of 17 U.S.C. § 506(a), 18 U.S.C. §§ 2319(a), (b)(1) and (2). Baradji argues that his trial was fundamentally unfair because he was tried jointly with several codefendants for a conspiracy charge that was dismissed at the conclusion of the evidence, pursuant to a Fed.R.Crim.P. 29 motion for a judgment of acquittal.

Because Baradji did not argue for a severance below, we review only for plain error. *United States v. Olano*, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Under plain error review, Baradji must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 732, 113 S.Ct. at 1776.

Federal Rule of Criminal Procedure 8(b) provides that multiple defendants may be charged together in the same indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense. Fed.R.Crim.P. 8(b). Federal Rule of Criminal Procedure 14(a) provides that, if it appears that a defendant is prejudiced by a joinder of offenses or of defendants in an indictment or a consolidation for trial, "the court may order separate trials of counts, sever the defendants' trials, or

provide whatever other relief justice requires." Fed.R.Crim.P. 14(a).

"Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez,* 649 F.3d 1222, 1233-34 (11th Cir. 2011); *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993). In this circuit, the rule is that "defendants who are indicted together are usually tried together." *Lopez*, 649 F.3d. at 1234. "This rule is even more pronounced in conspiracy cases. . ." *Id.*

To justify a severance, the defendant bears the "heavy burden of demonstrating that compelling prejudice would result from a joint trial." *Id.* "To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work." *Id.* "Because limiting instructions usually will cure any prejudice resulting from a joint trial, . . . the Supreme Court has indicated that severances need be granted only if there is a serious risk that a joint trial would either 'compromise a specific trial right of one of the defendants' or 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting

instructions are given." *Id.* at 1234-35 (quoting *Zafiro*, 506 U.S. at 539, 113 S.Ct. at 938).

"Dismissal of some counts charged in the indictment does not automatically warrant reversal of convictions reached on remaining counts." *United States v. Prosperi*, 201 F.3d 1335, 1345 (11th Cir. 2000). "Rather, a reviewing court must consider whether the convictions were the result of prejudicial spillover: that is, was there evidence (1) that would not have been admitted but for the dismissed charges and (2) that was improperly relied on by the jury in their consideration of the remaining charges." *Id.* In *Prosperi*, as to the first prong, we noted that the challenged evidence would have been otherwise admissible, under Federal Rule of Evidence 404(b), as evidence of the defendant's intent. *Prosperi*, 201 F.3d at 1345-46. Rule 404(b) provides that extrinsic evidence of other crimes or bad acts is inadmissible for the purpose of proving the defendant's character, but such evidence may be admitted for other purposes such as for proving motive, intent, or absence of mistake or accident. Fed.R.Evid. 404(b)(1) and (2).

As to the second prong, we consider: (1) whether the jury meticulously sifted the evidence admitted for all counts, which can be signaled by a discriminating acquittal; (2) whether the contested evidence was "inflammatory in nature;" (3) whether the evidence significantly altered the defendant's trial

strategy; and (4) the strength of the evidence against the defendant as to the remaining counts. *Proseperi*, 201 F.3d at 1346. Finally, even in the case of prejudicial spillover, "a court's cautionary instructions will ordinarily mitigate the potential spillover effect of evidence of a codefendant's guilt." *Lopez*, 649 F.3d at 1235.

In *Schaffer*, the Supreme Court addressed the question of whether a severance should have been ordered under Rule 14(a), where the initial joinder was proper under Rule 8(b), but the conspiracy count was dismissed before the case was submitted to the jury. *Schaffer v. United States*, 362 U.S. 511, 514, 80 S.Ct. 945, 947, 4 L.Ed.2d 921 (1960). The Court declined to "fashion a hard-and-fast formula that, when a conspiracy count fails, joinder is error as a matter of law." *Id.* at 516, 80 S.Ct. at 948. Instead, the Court emphasized that, in such a situation, the trial judge has a continuing duty to grant a severance if prejudice appears. *Id.* In concluding that a severance was not required, the Court noted that the defendants failed to show any prejudice, and "even failed to request a new trial," relying entirely on their motions for acquittal. *Id.* The Court also noted that the trial judge instructed the jury as to the evidence that should be considered as to each defendant's guilt on the substantive charges. *Id.*

Finally, in order to convict a defendant of felony copyright infringement,

the government must prove that, during a 180-day period, the defendant reproduced or distributed 1 or more copies of 10 or more copyrighted works with a retail value of more than $2,500. 17 U.S.C. § 506(a); 18 U.S.C. § 2319(a) and (b). If these requirements are met, the defendant is subjected to a five-year maximum sentence. § 2319(b)(1). Otherwise, the maximum penalty is one-year imprisonment. § 2319(b)(3).

The district court did not plainly err in failing to *sua sponte* sever Baradji's trial from that of his codefendants because he failed to show compelling prejudice resulting from the joint trial. Specifically, he failed to show that evidence related to the conspiracy charge created a prejudicial spillover effect on his conviction for substantive copyright infringement because the challenged evidence would likely have been admissible at a severed trial under Rule 404(b) as evidence of his intent and absence of mistake. Because blank CDs and DVDs can be purchased for legal purposes, the evidence of the February 2009 seizure could have been properly admitted to show that Baradji intended to purchase those raw materials for illegal use during the relevant time period for his substantive charge. In any event, Baradji failed to show that the jury improperly relied on that evidence. The court instructed the jury to consider the evidence pertaining to each defendant individually and the fact that the jury subsequently acquitted one defendant

6

demonstrates that the jury followed that instruction. Finally, the evidence from co-defendant Ahn and Baradji's admissions to Agent McGroaty was strong enough to support the conviction and counsel against a finding of prejudice. Accordingly, we affirm.

**AFFIRMED.**