UNITED STATES of America,
Plaintiff,

v.

Gayle King SHROPSHIRE et al.,
Defendants.

Crim. A. No. 13015.

United States District Court,
E. D. Tennessee, S. D.

Dec. 5, 1972.

John L. Bowers, Jr., U. S. Atty., for plaintiff.

William H. Ortwein, and Robert H. Feeney, Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Shropshire moved the Court to suppress the evidence of the results of a search of his premises July 21, 1972, on the grounds that there was not probable cause for a United States magistrate's believing the existence of the grounds on which the warrant was issued, and that the premises of the defendant Mr. Shropshire searched were not those described in the warrant. Rules 41(e)(4, 5) Federal Rules of Criminal Procedure. There is no merit to either ground of such motion.

The magistrate had before him at the time he issued the warrant an affidavit stating the facts, *inter alia*: that a bank robbery had been committed on June 15, 1972; that "bait money" had been taken, including a $20 Federal Reserve note, series 1950A, serial no. F42542698A; that a deputy sheriff observed the defendant give a $20 Federal Reserve note to the manager of a store in payment of a purchase; that such deputy upon examination found that a $20 Federal Reserve note in the possession of such manager corresponded in series and serial number with the aforenumbered bill of currency recorded as "bait money" stolen in the aforementioned robbery; that the moving defendant had possessed four bills of the proceeds of earlier bank robberies; that the affiant and his associates had information from a reliable informant that the moving defendant had participated in other bank robberies; and that the defendants had purchased several automobiles while neither was employed.

■ "* * * [A]ffidavits for search warrants 'must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.'

* * *" United States v. Williams, C.A. 6th (1972), 459 F.2d 909, 913[4]. "* * * Weak, anonymous and even untrustworthy information may serve as the opening clue to uncovering criminal acts. * * *" DiPiazza v. United States, C.A. 6th (1969), 415 F.2d 99, 105[3]. "* * * 'Probable cause exists when the facts and circumstances within the officer's knowledge and of which they had reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.' * * * Whether probable cause exists requires an act of judgment formed in the light of the particular situation and with account taken of all the circumstances. Because many situations are more or less ambiguous, a determination that probable cause exists should be accepted by [the] Court unless it is shown that the [magistrate's] judgment was arbitrarily exercised." *Idem.* Under this standard, probable cause was shown in the affidavit for the magistrate to issue the search warrant herein.

■ An evidentiary hearing was conducted by the Court on December 4, 1972, on the second issue. Therefrom, the Court finds that the premises searched in obedience to the search warrant mentioned were those described therein. It is undisputed that such premises were located on route # 1, Robinson Road, Hixson, Tennessee; that it was a white trailer trimmed in brown; and that it was located on lot 37, all as described in the warrant. The warrant specifies this trailer as being "the second trailer on Robinson Road, North of Hale Road," whereas it was the third such trailer. However, the trailer and surrounding premises to be searched were so well described by color, lot location, etc., that, with reasonable effort, the officers executing the warrant could identify the place intended to be searched. Thus, the Constitution, Fourth Amendment, was satisfied. *Cf.* United States v. Rollins, D.C.Tenn. (1966), 271 F.Supp. 18, 23–24, n. 4 [6].

Motion denied.

## ON MOTION TO QUASH INDICTMENT

The defendants moved to quash the indictment herein. There is no merit to such motion.

The indictment contains all the elements of the statutory offenses intended to be charged by a grand jury and sufficiently apprises each defendant what he or she should be prepared to meet, so that a judgment on any count would be a bar to further proceedings against the same defendant for the same respective offenses. The defendants' motion, therefore, hereby is overruled. See United States v. Cook, D.C.Tenn. (1962), 213 F.Supp. 568, 569; Richardson v. United States, C.A. 6th (1945), 150 F.2d 58, 60; Rudin v. United States, C.A. 6th (1958), 254 F.2d 45 [3–5].

Motion denied.