UNITED STATES of America, Plaintiff

v.

Lisa Robyn DUGGER et al., Defendants.

No. CR–2–76–14.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 18, 1976.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Robert L. Arrington, Kingsport, Tenn., and Douglas J. Carter, Milligan College, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Charles Ellis Lacey, Jr. moved pretrial for a severance of the trial of the defendants jointly herein, Rule 12(b)(5), Federal Rules of Criminal Procedure, claiming that he is prejudiced by such joinder for trial together, Rule 14, Federal Rules of Criminal Procedure. Such defendant exhibited with his motion reproduced copies of statements of his codefendant Ms. Lisa Robyn Dugger which implicate the moving defendant in the commission of the crimes charged against both defendants in counts 1–8, inclusive.

▆ It is not a ground for severance " * * * simply because one co-defendant ha[s] made a confession implicating the other. * * *" *United States v. Johnson,* C.A. 5th (1973), 478 F.2d 1129, 1133[6]. If Ms. Dugger takes the witness stand and may be cross-examined on her implicatory statement, Mr. Lacey will not be deprived of his right of confronting a witness against him. On the other hand, it would constitute a denial of Mr. Lacey's Sixth Amendment right to confront witnesses against him if Ms. Dugger does not testify, and he cannot cross-examine her thereon. *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. " * * * [T]here are alternative ways of achieving the benefit to the prosecution of an incriminating statement by one defendant while at the same time not infringing the nonincriminator's right of confrontation. * * *" *United States v. Barnett et al.,* D.C.Tenn. (1969), criminal action no. 7035, this district and division. The Court's *in camera* inspection of the aforementioned copies reflects that a deletion of references by Ms. Dugger to Mr. Lacey in her statement * would be

---

* With all references to Mr. Lacey (through reference to his brother and brother-in-law or otherwise) deleted from Ms. Dugger's statement, his forebodings about threats which Ms. Dugger

practical and undistorting of Ms. Dugger's confession. See *United States v. Kershner*, C.A. 5th (1970), 432 F.2d 1066, 1071[7].

The indictment herein alleges that the two defendants therein participated in the same transactions and series of transactions constituting the 10 offenses charged. Rule 8(b), Federal Rules of Criminal Procedure. The defendants are charged together in counts 1–8, inclusive, and Mr. Lacey is charged separately in addition in counts 9, 10 thereof. Thus, the joinder therein was proper. See *United States v. Gayle King Shropshire*, D.C.Tenn. (1972), 378 F.Supp. 1187, 1189[8], affirmed C.A. 6th (1974), 498 F.2d 137, 140[2]. The test as to a severance of trial under Rule 14, *supra*, is the likelihood of substantial prejudice to one defendant or the defendants if they are tried together. *Schaffer v. United States* (1960), 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921, 924 (headnote 2), cited in *United States v. Sims*, C.A. 6th (1970), 430 F.2d 1089, 1092–1093[7].

Conditioned as stated hereinbefore, the Court FINDS no substantial prejudice will result to the defendant Mr. Lacey from a joint trial with his codefendant herein and hereby DENIES his motion for a severance and separate trial. However, the Court will grant such a severance and separate trial to Mr. Lacey should it appear to the Court at any stage of the joint trial that substantial prejudice will result to him from a joint trial. *Cf. United States v. Roger Lee Hagy et al.*, D.C.Tenn. (1972), criminal action no. 7240, this district and division, memorandum opinion and order therein of April 26, 1972, affirmed C.A. 6th (1973), order in no. 73–1036, filed June 2, 1973.

claims were made against her and her children would not prejudice him, while simultaneously permitting the jurors to consider this factor as bearing on Ms. Dugger's own intent.