UNITED STATES of America, Plaintiff,

v.

Garry Glynn MUNSEY, Defendant.

No. CR–2–78–13.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Order June
26, 1978.

On Motion to Suppress July 10, 1978.

John H. Cary, U. S. Atty., Richard K. Harris, and Guy W. Blackwell, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Robert W. Ritchie, Knoxville, Tenn., for defendant.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

To the extent that the plaintiff has not already provided the defendant with discovery and inspection of the information to which he is entitled under the provisions of Rule 16(a), Federal Rules of Criminal Procedure, the United States attorney of this district hereby is ORDERED to do so within 3 days herefrom. In all other respects, the motion of the defendant herein of June 19, 1978 for discovery and inspection hereby is DENIED as being overly broad. *United States v. Largent,* C.A. 6th (1976), 545 F.2d 1039, 1043–1044 [10].

The defendant's reliance on *Brady v. Maryland* (1963). 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, is misplaced. " * * * There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. * * *" *Weatherford v. Bursey* (1977), 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42 [6]. *Brady* did not deal with pretrial discovery and was never intended to create pretrial remedies. *United States v. Moore,* C.A. 6th (1971), 439 F.2d 1107, 1108; *United States v. Conder,* C.A. 6th (1970), 423 F.2d 904, 911 [12, 13] certiorari denied *sub nom. Pegram v. United States* (1970), 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267. Neither does the Court read *Giglio v. United States* (1972), 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, relied upon also by the defendant, as creating any pretrial right of discovery. The defendant is not entitled to a listing of the government's proposed trial witnesses and their possible criminal records. *United States v. Largent, supra,* 423 F.2d at 1043–1044 [10]; *United States v. Conder, supra,* 423 F.2d at 910 [7]. The defendant has no right to any "Jencks Act statements" " * * * until [the particular govern-

ment] witness has testified in direct examination in the trial of the case." 18 U.S.C. § 3500 (a).

■ It appears to the Court that each count of the indictment herein is sufficient to inform the defendant of the nature of the respective charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense. Accordingly, in its discretion, *Will v. United States* (1967), 389 U.S. 90, 98–99, 88 S.Ct. 269, 275 [13], 9 L.Ed.2d 305, the defendant's motion for a bill of particulars hereby is

DENIED. See *United States v. Birmley*, C.A. 6th (1976), 529 F.2d 103, 108 [12].

■ The motion of the defendant for a continuance of the trial of this action hereby is DENIED, in the discretion of the Court, for his failure to show good cause therefor. *United States v. Faulkner*, C.A. 6th (1976), 538 F.2d 724, 729 [11].

The defendant's motion for the suppression of certain evidence herein is assigned for an evidentiary hearing to commence Friday, July 7, 1978 at 10:00 o'clock, a. m., or as soon thereafter as the same can be reached on the Court's calendar, in the United States Courthouse in Greeneville, Tennessee.

### ON MOTION TO SUPPRESS

The defendant Mr. Munsey moved the Court pretrial to suppress the evidence obtained by special agents of the bureau of alcohol, tobacco and firearms, Treasury Department, in the execution during usual business hours of a federal search warrant. Rules 12(b), 41(f), Federal Rules of Criminal Procedure. An evidentiary hearing thereupon was conducted by the Court on July 7, 1978. It is claimed such search and seizure were in violation of the Constitution, Fourth Amendment.

Mr. Munsey is charged in seven counts of an indictment with having violated the law by not having kept firearm transaction records he was required by law to have kept. 18 U.S.C. §§ 922 (b)(3), (5), 924 (a); 27

C.F.R. § 178.124. He asserts the absence of probable cause for the magistrate to believe that the records described in the search warrant he issued were being used or intended to be used in violating the law or were concealed on the premises to be searched; that such warrant did not specify a search for an "ammunition record book" or its seizure; and that the magistrate lacked probable cause to authorize the seizure of such volume.

■ It is evident from the facts included in the affidavit submitted to the magistrate in support of his issuance of the search warrant herein that probable cause existed for him to believe that a federal crime had been committed. He was then empowered to issue a warrant for the search of the defendant's business establishment which the magistrate had probable cause to believe might be the place of concealment of evidence of that crime. Rule 41(b)(2), Federal Rules of Criminal Procedure; *Zurcher v. Stanford Daily* (1978), 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).

■ The aforementioned ammunition records book was subject to inspection and examination during business hours by the delegates of the Secretary of the Treasury, and the seizure of this record without a warrant was not in violation of the Constitution, Fourth Amendment. See *United States v. Biswell* (1972), 406 U.S. 311, 316, 92 S.Ct. 1593, 32 L.Ed.2d 87, 92–93. From the pertinent regulation, 27 C.F.R. § 178.121 (a), of which the magistrate could have taken judicial notice, *Caha v. United States* (1894), 152 U.S. 211, 14 S.Ct. 513, 38 L.Ed. 415, the magistrate issuing the warrant could have derived probable cause to believe that the records described in the affidavit were located on the premises named therein. Therefore, there is no merit to the first 3 grounds urged in support of the defendant's motion.

■ He asserts also that the place searched was not the one authorized by the warrant to be searched. The premises authorized to be searched on September 30, 1977 were " * * * the premises known as Garry's Gun Sales, Services and Repair, 874 Lynn Garden Drive, Kingsport, Tennes-

see, Sullivan County. * * * " The premises searched on that date were the premises known as Garry's Gun Sales, 871 Lynn Garden Drive, Kingsport, Sullivan County, Tennessee.

The description, "Garry's Gun Sales," [1] pointed particularly to a definitely ascertainable place which excluded all other places. Mr. Munsey himself conceded in his testimony that there was no other place bearing that description in Sullivan County, Tennessee, on September 30, 1977. That business establishment had been located at 874 Lynn Garden Drive, Kingsport, Tennessee for about 1 year until Memorial Day weekend, 1976, when, except for a few cabinets and other items, it was relocated in a log cabin across that street and about 150' up the street at no. 871. On September 30, 1977 an electronics business establishment occupied the premises at no. 874. Exterior signs indicated that a gun shop, and particularly Garry's Gun Shop, was located at no. 871 on that date.

■ The safeguard of the Constitution, Fourth Amendment, is designed " * * * 'to require a description which particularly points to a definitely ascertainable place so as to exclude all others.' * * * " *United States v. Lemmons,* C.A. 6th (1976), 527 F.2d 662, 666, citing and quoting from *People v. Watson* (1962), 26 Ill.2d 203, 186 N.E.2d 326. The defendant's motion for such suppression, being without merit, hereby is

OVERRULED.

■ The defendant moved the Court also to require government agents, who are expected to be witnesses against him, to submit to an interview with his counsel. He relies, *inter alia,* on *Gregory v. United States* (1966), 125 U.S.App.D.C. 140, 143–144, 369 F.2d 185, 188–189.

*Gregory* presented an entirely different situation. It involved a capital case, in which the defendant was entitled by statute to a list of the witnesses for the prosecution [2] for the purpose of interviewing them. These witnesses were private, nongovernmental personnel who claimed to have been eyewitnesses to the capital crime charged, and the prosecuting attorney had advised them not to talk with defense counsel in the absence of a prosecuting attorney. Here, there is no such statutory requirement, and the witnesses are government agents. There is no claim by the defendant that the prosecuting attorney has advised them not to discuss the case with the defendant's attorney.

■ It is clear in this circuit that witnesses are neither the property of the government nor of the defendant, but that a witness is free to talk with a lawyer for the adversary party or not talk with such counsel. *United States v. Matlock,* C.A. 6th (1974), 491 F.2d 504, 506 [3–5], certiorari denied (1974), 419 U.S. 864, 95 S.Ct. 119, 42 L.Ed.2d 100; *United States v. Scott,* C.A. 6th (1975), 518 F.2d 261, 267–268 [9–12]. " * * * A defendant is entitled to have access to any prospective witness although such right of access may not lead to an actual interview. * * * ' * * * [A]ny witness has the right to refuse to be interviewed, if he so desires (and is not under or subject to legal process).' * * * Certainly, the prosecution has no right to interfere with or prevent a defendant's access to a witness (absent any overriding interest in security). The importance of the right of access is somewhat tempered by the witness' equally strong right to refuse to say anything. * * * " *Ibid.,* 518 F.2d at 268 (citations and footnote references omitted).

■ The defendant, through his counsel, claims that a witness, Mr. Russell H. Alford, with whom he sought an interview, " * * * refused to discuss this case with

---

1. Had the premises authorized to be searched been described only as "874 Lynn Garden Drive, Kingsport, Tennessee, Sullivan County," a search at 871 Lynn Garden Drive, Kingsport, Tennessee, Sullivan County would not have been authorized. See 68 Am.Jur.2d 729–730, Searches and Seizures, § 75.

2. In *Coppolino v. Helpern,* D.C.N.Y. (1967), 266 F.Supp. 930, also cited by the defendant, the defendant in a criminal case was also entitled by law to a list of witnesses. *Ibid.,* at 935.

me and acknowledged that such refusal was based upon the policy requiring U. S. [a]ttorney authorization before ATF agents will discuss anything about the case. * * * " If true, this policy constitutes an interference with the defendant's access to a witness for the prosecution.

Accordingly, the United States attorney of this district hereby is ORDERED to advise the witness Mr. Alford forthwith that he and other agents of the bureau of alcohol, tobacco and firearms, Treasury Department, are at liberty to discuss the facts of this action with defense counsel, if any one or more of them wishes so to do, although such witness(es) may refuse to be thus interviewed.

In other respects, the motion of the defendant hereby is

OVERRULED.