For the reasons stated in an opinion issued this date, defendants' motions to dismiss and for summary judgment are alternatively allowed.[1] It is ordered that judgment enter, and judgment is hereby entered, in favor of defendants on the alternative grounds that

1) Plaintiff has failed to comply with Fed. R. Civ. P. 23.1; and

2) Defendants' alleged actions are protected by and comply with the requirements of the business judgment rules.

**D.J. Tauro**
**United States District Judge**

**Bobby Ray KINES,**

**v.**

**Fred BUTTERWORTH, et al.**

**Ronald St. PIERRE**

**v.**

**Fred BUTTERWORTH, et al.**

**Civ. Nos. 79-1880-MA, 79-2113-MA**

United States District Court
D. Massachusetts

**May 4, 1981**

**Norman S. Zalkind, Robert Sheketoff, Bernard Grossberg, Esq.** for plaintiff Bobby Ray Kines
**Kevin J. Sullivan** for defendant
**Ronald St. Pierre, Robert Sheketoff, Bernard Grossberg Esq.** for plaintiff Ronald St. Pierre
**Kevin J. Sullivan** for defendant

## MEMORANDUM AND ORDER

**MAZZONE, D.J.** The two petitioners in these related actions seek writs of habeas corpus under 28 U.S.C. sec. 2241. Each was convicted of the crimes of mayhem and assault and battery by means of a dangerous weapon, committed while incarcerated at the Massachusetts Correctional Institution at Walpole, Massachusetts. Each was sentenced to concurrent three to ten year terms to be served on and after sentences previously imposed. The Massachusetts Supreme Judicial Court has affirmed their convictions, **Commonwealth** v. **St. Pierre,**—Mass.—, 387 N.E. 2d 1135 (1978). Since the petitioners have no further right under Massachusetts law to raise in state court the issue presented herein, jurisdiction in this Court is proper. 28 U.S.C. secs. 2254(b), (c).

The main issue raised by the petitions is the instruction given by State Police Trooper Nasuti, the chief investigating officer for the Commonwealth, to five corrections officers who were potential witnesses, not to speak with defense counsel. After counsel learned that Nasuti had so instructed the officers, counsel filed a motion to dismiss. At a pretrial hearing the Court denied the motion, but ordered the prosecutor to inform the witnesses they had a right to speak to defense counsel or to refuse to speak, and that the judge had directed the pros-to so inform them. Later in the day, the prosecutor reported he had done so, but the corrections officers again declined to talk with the defense. Counsel asked the Court for an order requesting the Commonwealth to tell the officers to speak to them about their testimony before the trial began. The judge took no further action. The petitioners argue that these events deprived them of their right to a fair trial under the Due Process Clause of the Fourteenth Amendment. The parties waived an evidentiary hearing and submitted portions of the state court record.

The First Circuit has expressed agreement with the holding of **Gregory** v. **United States,** 369 F. 2d 185, 188 (D.C. Cir. 1966), that "due process is denied when the prosecution interferes with the right of the defense to interview witnesses." **United States v. Nardi,** 633 F. 2d 972, 977 (1st Cir. 1980). In **Gregory,** the prosecutor instructed all the eyewitnesses to a murder and robbery that they were free to speak about the case, but that he would advise them not to speak with anyone unless he were present. The Court held this instruction effectively denied the defense access to the eyewitnesses, and deprived the defendant of a fair trial.

In the instant case, we must decide (1) whether the corrections officers' refusal to discuss the case was the result of the state trooper's instruction and (2) if so, whether the lack of access to these witnesses prejudiced the defense.

The Massachusetts Supreme Judicial Court in **Commonwealth v. St. Pierre, supra,** held that the state trooper's instruction violated due process, but that the defense failed to request the correct

curative procedure under Massachusetts law. **Commonwealth v. Balliro,** 349 Mass. 505 (1965). The procedure would be an instruction by the Court of the principle of equal access to witnesses and a neutral forum for requesting interviews. **Id.** at 1141. Assuming **arguendo** that the trial court erred in permitting its message to the witness to be conveyed by the prosecutor, the Supreme Judicial Court then held, any prejudice to the defense was "minimal," since the corrections officers did not arrive at the scene until five to fifteen minutes after the injury occurred. **Id.** at 1142. The defense had obtained grand jury minutes, the state trooper's report, a suppression hearing transcript, and information from other corrections officers and inmates, and was able to cross-examine the witnesses thoroughly.

It is undeniable that the state trooper's instruction to the witnesses was improper. In the federal courts, however, what sparse authority exists is divided as to whether governmental interference with witnesses is vitiated by a curative instruction transmitted by the prosecutor.[1]

In **United States v. Munsey,** 457 F. Supp. 1, 5 (E.D. Tenn. 1978), the Court ordered the prosecutor to advise witnesses, agents of the Treasury Department's Bureau of Alcohol, Tobacco, and Firearms, that they were at liberty either to discuss the case or to refuse. On the other hand, in **United States v. Hubbard,** 474 F. Supp. 64, 85 (D.D.C. 1979), the Court made available the services of the U.S. Marshal for transmittal of the defendant's request for interviews of witnesses in protective custody, stating it was "persuaded" that it would be "improper for the prosecution to act as conduit for defense counsel's request."

A curative instruction by the judge, in open court, directly to the prospective witness would obviously have been more impressive than an instruction conveyed by the prosecutor. However, no case has construed the federal Constitution to require this procedure and counsel did not request that the judge do so. They merely requested the judge order the Commonwealth to tell the witnesses to speak to them, despite the fact that a similar earlier request had proved unsuccessful. If direct intercession by the judge were needed, counsel should have requested it. Even if such direct intercession by the court had been taken, we cannot assume that the witnesses would have consented to be interviewed. **U.S. v. Matlock,** 491 F. 2d 504, 506 (6th Cir. 1974), **cert. denied,** 419 U.S. 864 (1974).

Further, we agree with the Supreme Judicial Court that the defense was not prejudiced by the pretrial unavailability of these corrections officers. Bearing in mind that we must accept all state court findings of fact unless we find them not fairly supported by the record or unless the petitioners prove them erroneous by convincing evidence, we apply the facts as reported by the Supreme Judicial Court. The corrections officers were not eyewitnesses to the incident, arriving at the scene several minutes after it occurred, and the defense was able to investigate the event from other sources and to cross-examine thoroughly at trial. The careful and thorough analysis of the evidence in the record persuades us that there was no prejudice. There was no particularization of the fashion in which the petitioners were prejudiced by the inability to interview witnesses prior to trial, **Salemme v. Ristaino,** 587 F. 2d 81, 87 (1st Cir. 1978). We are unaware of any area in which petitioners sought further exploration of facts and we cannot assume that the corrections officers would have testified materially different from

---

[1]Although the petitioners challenge events leading to their convictions by the Commonwealth of Massachusetts, the ground for their challenge is the federal Constitution. Precedent from federal criminal cases is therefore apposite.

the factual description of their involvement already known to counsel through the discovery provided and earlier suppression hearings.

Prejudice is a necessary factor in a challenge to a conviction on the ground of governmental interference with the defense investigation. **United States v. Cook,** 608 F. 2d 1175, 1182 (9th Cir. 1979); **United States v. Clemones,** 577 F. 2d 1247, 1252 (5th Cir. 1978); see **United States v. Nardi,** 633 F. 2d 972, 977 (1st Cir. 1980). Since the petitioners were not prejudiced by any governmental misconduct that may have gone uncorrected, we must dismiss the petitions.

The respondent's motion to dismiss the petitions is accordingly granted.[2]

**SO ORDERED.**

A. David Mazzone

**ORDER OF DISMISSAL**

In accordance with the Court's memorandum and order entered on May 4, 1981 allowing the respondents motion to dismiss the petitions, it is hereby **ORDERED** that the above entitled actions be and hereby are dismissed.

By the Court

**A. David Mazzone**
**United States District Judge**

---

[2]We agree with the Magistrate's finding and recommendation that the other issues presented were not raised in the state court. We have no jurisdiction to entertain them here. 28 U.S.C. §2254 (b) and, accordingly, they are dismissed.