**UNITED STATES of America, Plaintiff,**

v.

**James Reece FIELDS, Jr., Defendant.**

**No. CR–2–82–8.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 29, 1982.

John Gill, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Glenn C. Shults, Jr., Newport, Tenn., for defendant.

MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

I

The prosecution, having represented that it is making available to the defendant all

materials to which he is entitled under the provisions of Rule 16(a), Federal Rules of Criminal Procedure, his motion herein for discovery hereby is

DENIED as moot and as being overly broad.[1] *United States v. Short*, C.A.6th (1982), 671 F.2d 178, 181; *United States v. Algie*, C.A.6th (1982), 667 F.2d 569, 571; *United States v. Largent*, C.A.6th (1976), 545 F.2d 1039, 1044 [10], certiorari denied (1977), 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 546; *United States v. Munsey*, D.C. Tenn. (1978), 457 F.Supp. 1, 2–3 [1, 2].

## II

The motion of the defendant for the suppression of evidence is assigned for an evidentiary hearing on April 1, 1982 at 12:30, o'clock, p. m., or as soon thereafter as the matter can be reached on the Court's calendar.

## III

The defendant Mr. Fields moved also for a separate trial on each of the 3 counts of the indictment herein.[2] He does not suggest that joinder of those offenses in a single indictment was impermissible under Rule 8(a), Federal Rules of Criminal Procedure,[3] only that he may be prejudiced by such joinder by trial together. Thus, the issue facing the Court is whether it should exercise its discretion to order a separate trial on one or more of the three counts. *See* Rule 14, Federal Rules of Criminal Procedure.[4]

1. Although such motion merely requests an order requiring the prosecution to produce all materials to which the defendant is entitled under Rule 16(a), *supra*, the brief in support thereof requests materials outside the scope of Rule 16(a), *supra*.

2. Count 1 of the indictment charges that on September 27, 1980, Mr. Fields transported unlawfully a certain firearm in the interstate commerce, 18 U.S.C. §§ 2, 922(i) and 924(a). In count 2 it is charged that on the same date the defendant possessed unlawfully the same firearm, 18 U.S.C.App. § 1202. And count 3 charges that on December 11, 1980 Mr. Fields possessed unlawfully another firearm, 18 U.S.C.App. § 1202.

Rules 8 and 14, Federal Rules of Criminal Procedure, are designed to promote economy and efficiency and to avoid a multiplicity of trials where these objectives can be achieved without substantial prejudice to the right of defendants to a fair trial. *Bruton v. United States* (1968), 391 U.S. 123, 131, 88 S.Ct. 1620, 1625, 20 L.Ed.2d 476, 482 n. 6 [4]. Convenience and economy of judicial resources are considerations of particular weight now that the courts have been placed under strict mandate by the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 *et seq.*, to expedite criminal trials. *United States v. Werner*, C.A.2d (1980), 620 F.2d 922, 928.

■ To prevail on his motion for separate trials of the offenses charged herein, Mr. Fields " * * * must show not simply some prejudice [from a single trial] but *substantial* prejudice. * * * " *Ibid.*, 620 F.2d at 928 [7]; *see Schaffer v. United States* (1960), 362 U.S. 511, 514, 80 S.Ct. 945, 947, 4 L.Ed.2d 921, 924 (headnote 2) (The test for a severance of defendants under Rule 14, *supra*, is the likelihood of substantial prejudice from a joint trial.) It is not sufficient merely to show the movant would have a better chance of acquittal at separate trials. *United States v. Ochs*, C.A.2d (1979), 595 F.2d 1247, 1260.

Furthermore, that a single trial might have an adverse effect on Mr. Fields is not sufficient to justify the granting of separate trials. Rule 8(a), *supra*, " * * * necessarily recognizes the adverse effect on the defendant by the joinder of counts, but considers this to be outweighed by gains in

3. " * * * Two or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8(a), Federal Rules of Criminal Procedure.

4. " * * * If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment * * * or by such joinder for trial together, the court may order an election or separate trials of counts * * * ." Rule 14, Federal Rules of Criminal Procedure.

trial economy when one of the criteria of the rule are met. Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two [or more] crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case. * * *" *United States v. Werner, supra,* 620 F.2d at 929[8].

In support of his motion, Mr. Fields points out the 3 types of prejudice which might conceivably result from the joinder of multiple counts at trial. As stated by a leading commentator, these are:

> * * * (1) the jury may consider that a person charged with doing so many things is a bad man who must have done something, and may cumulate the evidence against him; (2) proof that [the] defendant is guilty of one offense may be used to convict him of another even though proof of that guilt would have been inadmissible at a separate trial; and (3) [the] defendant may wish to testify in his own defense on one charge but not on another.

> \*    \*    \*    \*    \*    \*

1 Wright, Federal Practice and Procedure: Criminal 437, § 222. Professor Wright, similar to other legal-commentators, questions the propriety and wisdom of ever allowing the joinder in an indictment of offenses "of the same or similar character." *See United States v. Werner, supra,* 620 F.2d at 927–928. Nonetheless, Rule 8(a), *supra,* " * * * is what it is; if commentators do not like it, the road for them to seek amendment is open. * * *" *Ibid.,* 620 F.2d at 928.

Mr. Fields' fear that the jurors may violate their oaths to obey the instructions which will be given them by the Court concerning each count and the evidence relating thereto is wholly speculative. There is no reason to think that having a single jury consider the 3 separate charges against Mr. Fields would unfairly prejudice him; the charges herein are very simple and straightforward.

The Court believes that under a proper presentation of the evidence and appropriate cautionary instructions, the jury will be able to give separate and detailed consideration to each count and the particular evidence relating thereto. The Court fails to see how trying 3 counts instead of 1 would be overly-confusing to the jurors. *See ibid.,* 620 F.2d at 929 [1, 10].

Mr. Fields contends also that he may wish to testify on one count of the indictment not on its other 2 counts. " * * * No need for severance on self-incrimination grounds exists 'until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.' * * *" *United States v. Armstrong,* C.A.9th (1980), 621 F.2d 951, 954, quoting from *Baker v. United States,* C.A. D.C. (1968), 401 F.2d 958, 977, certiorari denied (1970), 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384. Assuming *arguendo* that Mr. Fields has demonstrated a strong need to refrain from testifying on 1 count herein, he has not shown convincingly that he has important testimony to give concerning either of the other counts; thus, separate trials are not appropriate. *See United States v. Armstrong, supra,* 621 F.2d at 954.

Having failed to demonstrate a realistic probability of substantial prejudice from a single trial of the 3 offenses charged herein, the motion of the defendant for separate trials hereby is

DENIED. However, the Court will grant a severance of counts and separate trials should it appear to the Court at any stage of the trial that substantial prejudice will result to Mr. Fields from a single trial. *See United States v. Dugger,* D.C.Tenn. (1976), 422 F.Supp. 1342, 1344[6].